[Crim. No. 4531. Second Dist., Div. Three. Mar. 20, 1951.]

THE PEOPLE, Respondent, v. SHERWIN L. BARTON, Appellant.

Harry J. Gross and Harold W. Svenson, Jr., for Appellant.

Edmund G. Brown, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

(1)

WOOD (Parker), J.—Defendant was charged in three counts with violations of section 288 of the Penal Code. Trial by jury was waived. He was found guilty on each count. His motion for a new trial was denied, and thereupon proceedings were suspended as to each count and he was granted probation. No judgment was entered. He appeals from the order denying his motion for a new trial. His notice of appeal also states that he appeals from "the final judgment."

 Appellant contends that the court abused its discretion by permitting the complaining witness, a girl 7 years of age, to testify. Section 1880 of the Code of Civil Procedure provides: "The following persons cannot be witnesses: 1. . . . 2. Children under ten years of age, who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly. 3. . . . ." Before the complaining witness was sworn as a witness, the trial judge asked her approximately 27 questions as a basis for determining whether she was capable of being a witness. Her answers were responsive and indicated that she understood the questions. There was no *voir dire* examination by defendant's counsel, and no objection was made at the trial to the effect that she was not capable of being a witness. The cross-examination of the witness by defendant's counsel covers five pages of the reporter's transcript. The judge asked the witness many questions during the trial. The contention that the judge abused his discretion by permitting the girl to testify is wholly without merit.

 Appellant also contends that "the judgment" is unsupported by the evidence. In her testimony the girl related facts which were legally sufficient to prove that defendant on three occasions violated said section 288. Defendant testified that on one occasion he placed his hand on her body while applying vaseline to relieve a soreness. ·He denied that he touched her on other occasions. No useful purpose would be served by reciting the testimony in detail. Factual issues were presented for the determination of the trial court. The evidence was sufficient to support the findings.

Since there was no judgment from which an appeal could be taken, the purported appeal from final judgment should be dismissed.

The order denying the motion for a new trial is affirmed. · The purported appeal from the judgment is dismissed.

SHINN, P. J.—I concur in affirmance of the order with considerable reluctance. Intent to arouse the passions etc., is an element of the offense. The evidence of criminal intent was extremely weak. Defendant, in a bedroom of his home, rubbed vaseline on the privates of a 7-year-old girl who lived in the neighborhood. The child testified it happened three times, defendant that it happened only once. He and his wife have two small girls to whom they frequently apply vaseline in this manner to relieve chafing and soreness. The child often played around the house with defendant's children. Defendant testified that one of his daughters told him the child was sore, but his testimony was not corroborated. The child testified she was not sore. She also testified, in answer to leading questions, that defendant told her not to tell what he had done, which he denied. This was the only testimony that indicated defendant's consciousness of wrong or a criminal intent in the commission of the act. It would have been potent evidence if defendant had denied that he had applied vaseline to the child. His mere denial would have been evidence of a consciousness of guilt. But when questioned by the arresting officers he freely admitted what he had done and he testified in the same manner. His conduct and admissions negatived the inference that in meddling with the neighbor's child he had a criminal intent. He had the rather stupid idea that there was nothing wrong in ministering to the child as he and his wife ministered to their own small daughters. That his conduct was wrong, according to familiar standards, must be conceded, but it does not follow that it was venal. Where the question of intent is involved the circumstantial evidence is usually decisive of the issue, and I believe the testimony of the child that defendant told her to keep his conduct a secret, which as I say was elicited by leading questions, had negligible weight as proof of intent, as opposed to the frank admission and explanations of the defendant.

A fact which is significant because it is unusual in cases of this sort is that defendant is only 31 years of age. He had not been in trouble before and bore a good reputation. He and the child's father, now deceased, were friends and pilots in the late war. His wife testified in his behalf as to the manner in which they used vaseline upon their own daughters, and the reason for it.

One reason for writing this concurrence is to call attention to the fact that defendant's conviction means that he might also

have been convicted if he had been charged with the offense upon his own daughters. Intent must usually be ascertained through inference. An accused who may not have had a criminal intent in the commission of an act becomes a criminal through judicial fiat if the trier of fact rejects the inferences which favor innocence and adopts those which point to guilt. The present conviction carries far reaching implications. If the defendant has the evil mind and vicious character his conviction implies, I do not see how he could have been completely pure of heart when attending to his own daughters. Anyone who wished to question his motives could point to the fact that small girls are sometimes mistreated by their fathers. Upon the other hand, if he had attended to the needs of his daughters with the motives a father would naturally have, it seems strange that he would suddenly have developed criminal instincts where the neighbor's child was concerned. Perhaps the learned trial judge was thinking of ''The Strange Case of Dr. Jekyll and Mr. Hyde'' and believed the young defendant was possessed of a dual personality. This would have been a highly speculative basis for a finding of criminal intent. Or he may have been of the opinion that defendant probably develops evil propensities whenever he is around small girls. In either case a father's treatment of his small daughters in the manner described could be attributed to evil motives if a court or jury should believe that the child was not in need of attention.

But after giving these problems a great deal of thought I have come to the conclusion that the evidence was not legally insufficient to support a finding of guilt. It is, in my opinion, a borderline case. So far as precedent is concerned, our affirmance of the order should certainly not be used as justification for a determination of guilt upon less substantial evidence than that contained in the present record.

Vallée, J., concurred.