[Crim. No. 4730. Second Dist., Div. Three. May 14, 1952.]

THE PEOPLE, Respondent, v. ARTHUR W. BOOTH, Appellant.

Horace H. Appel for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

SHINN, P. J.—Appellant Booth was convicted by a jury of violation of section 288, Penal Code. He moved for a new trial, which was denied, and he was placed on probation for seven years. He appeals from the order denying his motion for a new trial, claiming error in the instructions.

The court gave an instruction reading: "Every person who wilfully and lewdly commits any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of fourteen years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person or of such child is guilty of a crime."

Also one reading as follows: "In every crime or public offense there must exist a union or joint operation of act and intent. To constitute criminal intent it is merely necessary that a person intend to do an act which, if committed, will constitute a crime. When a person intentionally does that which the law declares to be a crime, such person is acting with criminal intent even though he may not know that such act is unlawful and even though there be no bad motive."

The two instructions are in direct conflict. One states that in order to constitute the offense the act must be committed with the intent of arousing the passions, etc., of the accused or the child, the other that criminal intent is merely the intent to commit the act which constitutes the crime, even though there be no bad motive. The first describes the specific intent which is an element of the crime here charged, the second the general intent or violation of the actor which is an element of every crime or public offense. ■ Since the second instruction relates to all crimes, it embraces those which require proof of a specific intent. Under this instruction defendant could have been convicted without evidence or a finding of a specific intent, and to give it was error. (*People* v. *Geibel,* 93 Cal. App.2d 147, 176 [208 P.2d 743].)

We are at a loss to understand why it was given, or why it is given in so many cases where it can serve no purpose and tends to create confusion. To be sure it states the law as declared in the Penal Code, but that is no reason for giving an instruction which expounds legal principles that are wholly irrelevant to the issues. ■ In every case involving specific intent an instruction on specific intent is sufficient for all purposes. It embraces all the elements of general intent. ■ When instructions are given on both general and specific intent a third instruction is necessary which states that the instruction on general intent does not relate to crimes which require proof of specific intent. ■ The instruction on general intent should not be given at all in a prosecution for violation of section 288. In fact it is only in rare cases that it will serve any purpose. Occasionally

the question will arise as an issue for the jury whether the act charged was committed knowingly and voluntarily. But unless the evidence presents that question the rule on general intent is irrelevant and redundant. We think the trend toward overinstructing juries should be reversed by the discontinuance of the use of instructions which state only irrelevant and meaningless abstractions.

The error in the instructions, when considered with the evidence, would not warrant a reversal of the order. The only question for the jury was whether defendant committed the acts which were described by the girl. The nature of the acts was such as to preclude the belief they were committed without criminal intent. The question of intent may be the principal one in a prosecution under section 288 (see *People* v. *Barton,* 103 Cal.App.2d 1 [228 P.2d 852]), but not in a case like this, where the defendant denies he committed the acts and no facts are in evidence which even remotely suggest that they could have been committed innocently. The testimony of the girl and her mother was deemed satisfactory by the jury; defendant was disbelieved. It is clear to us that the error in the instructions did not influence the verdict and that defendant was not harmed by it.

Defendant also contends that it was prejudicial error to instruct that he could be convicted of contributing to the delinquency of a minor as an included offense. There was no error. There was no evidence of any act upon defendant's part which would not have amounted to contributing. Upon either charge the evidence would have been the same. All minors who are protected by section 288 are necessarily included among those who are protected by section 702, Welfare and Institutions Code (contributing). Violation of section 288 is necessarily violation of section 702, and the latter is therefore an included offense. (*People* v. *Greer,* 30 Cal.2d 589, 598 [184 P.2d 512].) But even if the instructions had been more favorable to defendant than he deserved he would have had no reason to complain.

The order is affirmed.

Wood (Parker), J., and Vallée, J., concurred.