SCOTT (Robert H.), J. pro tem.
 
 *
 

 Defendant was charged with seven counts of the offense of violation of section 476a of the Penal Code, issuing checks without sufficient funds. He pleaded not guilty, waived right to trial by jury and submitted the matter to the court without a jury on the testimony
 
 *43
 
 contained in the transcript of proceedings at the preliminary hearing. Defendant was found guilty on each count, application for probation was made and denied and defendant was sentenced to state prison. Prom the judgment of conviction defendant appeals.
 

 The information alleged a prior conviction of the crime of forging counterfeit federal reserve notes followed by a term of imprisonment in a federal prison which defendant denied but in support of which the People offered a certified copy of the record which related to this defendant. No finding on this matter was made by the trial court and it will therefore be disregarded on this appeal.
 

 Defendant did not testify and he produced no witnesses to testify in his behalf. The checks in question were executed by defendant with dates starting January 7, 1958 (count I) and ending March 5, 1958 (count IV).
 

 On January 7,1958 (count I), defendant presented a check for $288.50 to May Company Valley branch and there received $10.40 in merchandise and the balance in cash. It was dated the same day and was drawn on California Bank, Beverly Hills office on check form of Naturalieity Foundation of America, signed “ J. Aldon Smith.” There was an account in the name of Naturalieity Foundation of American on that date with a balance of $156.99 which was at no time increased up to the time the account was closed on January 23, 1958. There was no account in which the signature on this check was sufficient to withdraw funds or receive credit.
 

 No arrangement for credit had been made in the name signed to any of the seven checks covered by the information.
 

 On February 5, 1958 (count III), defendant presented a cheek for $292.50 to Broadway Department Store, Panorama City Branch, and received cash for the full amount. It was dated the same day and was drawn on Bank of America, Gower-Sunset Branch, on check form World Features Syndicate signed “B. L. James.” There was such an account on that date with a balance of $16.72.
 

 On February 10, 1958 (count II), defendant presented a check for the same amount ($292.50) to Broadway Department Store, Crenshaw division, and received cash for the full amount. It was dated the same day. It was drawn on same branch bank using same check form and signature as count III. That account showed an apparent balance of $868.22 but this was only because a bad cheek executed by the defendant had been deposited in it in the amount of
 
 *44
 
 $860.50, raising the apparent total from $7.72 to the amount above stated.
 

 On February 14, 1958 (count V), there was presented a check for the same amount as counts III and II ($292.50) to Food Giant Market in Burbank and cash for the full amount was paid. It was dated the same day. It was drawn on the same branch bank using the same check form and signature as counts III and II. That account showed a balance on that date of $280.32.
 

 On February 16, 1958 (count VI), there was presented a cheek for the same amount as counts III, II and V ($292.50) to Food Giant Market in Reseda and cash for the full amount was paid. It was dated the same day. It was drawn on the same branch bank, using the same check form and signature as counts III, II and V. That account showed a balance on that date of $280.32.
 

 On February 17, 1958 (count VII), defendant presented to the bank mentioned in the three foregoing counts, to-wit Bank of America, Gower and Sunset Branch for deposit a check for $860.50, made payable to World Features Syndicate. It was dated the same day. It was drawn on Sun Valley National Bank, Sunland branch, on the check form of Nuclear Engineering Company bearing signature “T. O. Belling” with payee World Features Syndicate. An account was opened on the same day at said Sun Valley National Bank, Sunland branch, in the name of Nuclear Engineering Company with a bad check in the sum of $880.50. There was no valid account or arrangement for credit for T. O. Belling or Nuclear Engineering Company with the Sun Valley Bank. From the fact that the check thus offered for deposit at the Bank of America was made payable to World Features Syndicate the trial court could properly infer that it was offered as a deposit for credit to the latter’s account. There was no suggestion that it was offered for any other purpose, and no evidence that there was any basis for concluding that the check thus offered for deposit was in fact of any value, or was believed by defendant to be of any value.
 

 On March 5, 1958 (count IV), a check in the same amount drawn on the same bank with the same cheek form and signature as counts III, II, V and VI was presented to Von’s Grocery Company in Van Nuys and cashed. The account showed an apparent balance of $531.82 because it had been increased by the spurious deposit in it of the valueless check above mentioned.
 

 
 *45
 
 Defendant admitted to the police that he was the maker of all of the signatures appearing on the above checks, that he had cashed the checks set out in counts I, II, III, and IV, that the names of individuals signed to checks which purported to be drawn against accounts in the name of various organizations including Naturalieity Foundation and World Features Syndicate were fictitious. It was stipulated that if a handwriting expert were called he would testify that the signatures on all of the exhibits were in defendant’s writing.
 

 Defendant stated to the police that he was “robbing Peter to pay Paul” but asserts on appeal that the intent to defraud was an essential element of the crime and was lacking in evidentiary support. From the entire record it appears that the trial court was correct in concluding that defendant’s guilt was established beyond a reasonable doubt as to each count.
 

 An intent to defraud the person to whom the check was delivered is an essential element of the offense charged.
 
 (People
 
 v.
 
 Griffith,
 
 120 Cal.App.2d 873, 880 [262 P.2d 355].)
 

 This intent to defraud is the “gist of the offense” and must be and is the subject of evidence in the same manner and to the same extent, depending on the same general rules of procedure, as is any other necessary fact in the case.
 
 (People
 
 v.
 
 Gaines,
 
 106 Cal.App.2d 176, 180 [234 P.2d 702].)
 

 Being a question of fact, the intent to defraud may be inferred from the conduct of the accused or from the circumstances surrounding the transaction.
 
 (People
 
 v.
 
 Roberts,
 
 167 Cal.App.2d 238, 242 [334 P.2d 164] ;
 
 People
 
 v.
 
 Leon,
 
 163 Cal. App.2d 791, 793 [329 P.2d 996].) The ease of
 
 People
 
 v.
 
 Frey,
 
 165 Cal. 140 [131 P. 127], cited by defendant, contains nothing that would furnish support to a contrary view.
 

 The trial court having determined that the evidence established the guilt of defendant, that conclusion will not be set aside on appeal on the ground of insufficiency of evidence unless it clearly appears that there is not sufficient substantial evidence to support it.
 
 (People
 
 v.
 
 Newland,
 
 15 Cal.2d 678, 681 [104 P.2d778].) We must assume in favor of the trial court’s decision the existence of every fact which it could have reasonably deduced from the evidence and then determine whether such facts are sufficient to support the decision.
 
 (People
 
 v.
 
 Perkins,
 
 8 Cal.2d 502, 511 [66 P.2d 631].)
 

 Evidence of the series of wrongful acts of defendant doubtless assisted the trial court in determining the guilty intent of defendant and it was relevant and competent for
 
 *46
 
 that purpose.
 
 (People
 
 v.
 
 Weir,
 
 30 Cal.App. 766, 767 [159 P. 442].)
 

 The failure of defendant to deny or explain evidence presented against him, when it was in his power to do so, could be considered by the trial court as tending to indicate the truth of such evidence and as indicating that among the inferences that might reasonably be drawn therefrom those unfavorable to defendant were the more probable.
 
 (People
 
 v.
 
 Adamson,
 
 27 Cal.2d 478, 489 [165 P.2d 3] ;
 
 People
 
 v.
 
 Adams,
 
 171 Cal.App.2d 483, 485 [340 P.2d 677].)
 

 Judgment affirmed.
 

 Wood, P. J., and Lillie, J., concurred.
 

 *
 

 Assigned by Chairman of Judicial Council,