[Crim. No. 12.    Fifth Dist.    Dec. 19, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. KENNETH HEWITT, Defendant and Appellant.

Robert J. Cook, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Richard Diebold Lee, Deputy Attorney General, for Plaintiff and Respondent.

CONLEY, P. J.—The defendant was convicted on two counts of violation of section 476a of the Penal Code (making, drawing, and uttering a bank check with intent to defraud). He was sentenced to imprisonment on each count, the sentences to run concurrently. He thereafter filed an appeal.

Although the suggestion is made, in passing, in appellant's opening brief that, "The proof of guilt in this case is tenuous and weak," such contention is not otherwise urged, and it appears to the court that the proof of guilt of the defendant was, in fact, complete and convincing. Appellant relies for reversal on one point: that the trial court erroneously gave an instruction on general intent in addition to its detailed instructions on the specific intent required to constitute the offenses.

The first count in the information charged that the defendant, ". . . wilfully, unlawfully, feloniously and with intent to defraud Coast Drug Company, 1539 McHenry Avenue, Modesto, did make, draw, utter and deliver to Coast Drug Company . . . a check in the amount of $50, for payment of money upon the Bank of California, Riverbank Office, knowing at the time of drawing said check that he had not sufficient funds in or credit with said bank to meet the said check."

Count II is based on a similar check for $50 drawn on the same bank and cashed with the same company on May 29, 1960.

The record shows that on May 25, 1960, defendant telephoned an employee of the Coast Drug Company at the Village Drug Store in Modesto and asked him if he would cash a check; this employee had known defendant previously, and he agreed to do so; within a half-hour thereafter defendant presented himself at the store and tendered and received payment on the first $50 check. Adopting a similar method of operation, defendant telephoned another employee of the victim at the Village Drug Store on May 29, 1960, and cashed the second check.

Defendant had an account with the Bank of California at the Riverbank Branch; the manager testified that when the two checks were presented they were returned to the payee uncashed because the defendant's account had been closed previously by the bank due to the fact that an excessive number of checks had been drawn against it. The bank manager further testified that defendant had made four different deposits in the bank in the month of May 1960, but that his balance after each deposit was less than the amount of the deposit, showing that he had been overdrawn on each occasion.

He further testified that two checks for $75 and $100, respectively, dated in May 1960, had been returned because of insufficient funds; that the check for $75 was rejected a second time for the same reason; that a check for $20 was returned because the account had been closed at the time of presentation; and that no line of credit had been established by the defendant with the bank. During the period involved, defendant approached one Walton Summit, attempted to borrow $125 from him, stated that he was worried about his check activity and wished to make a deposit to his account.

Between May 13 and 29, 1960, the defendant wrote and cashed at least eight checks which could not be cleared when presented for payment at appellant's bank; on May 19, 1960, although defendant had a balance of only $8.86 to his credit, he wrote and cashed two checks, each for $20, besides writing and cashing the two checks for which he was tried. The evidence thoroughly establishes appellant's intent to defraud by uttering the checks as charged in the information. (*People* v. *Haines*, 176 Cal.App.2d 41 [1 Cal.Rptr. 41]; *People* v. *Leach*, 168 Cal.App.2d 463, 467 [336 P.2d 573]; *People* v. *Crowder*, 126 Cal.App.2d 578, 585 [272 P.2d 775]; *People* v. *Horowitz*, 70 Cal.App.2d 675, 687 [161 P.2d 833].)

Proof of specific intent to defraud is an essential element of the crimes charged against defendant, and such specific intent must be proven beyond a reasonable doubt. (*People* v. *Griffith*, 120 Cal.App.2d 873 [262 P.2d 355]; *People* v. *Landman*, 103 Cal. 577 [37 P. 518]; *People* v. *Jones*, 160 Cal. 358 [117 P. 176].)

In instructing the jury, the court began by giving some general instructions with respect to the duties of the court and jury, witnesses, reasonable doubt and evidence, the presumption of innocence and the burden of proof, and further stated in these general instructions:

"In every crime or public offense there must exist a union or joint operation of act and intent, or criminal negligence.

"Criminal intent is an intent to do something which the law forbids and designates as a crime, even though the person may not know that he is committing a crime, or that his act is wrong."

It should be noted that the form of these general instructions as to criminal intent is in itself general and that it does not include any stressed words or phrases. The court then continued by giving clear, specific and complete instructions as to the "particular charge in this case" as follows:

"Now, coming back to the particular charge in this case, the defendant Kenneth Hewitt is accused by an information duly filed in this court, of having committed the crime of Two Counts of Violation of Section 476a of the California Penal Code, a felony, alleged in said information to have been committed as follows:

"Count I: The said Kenneth Hewitt, on or about the 25th day of May A.D., nineteen hundred and sixty, at and in said County of Stanislaus, State of California, and prior to the filing of this information, wilfully, unlawfully, feloniously and with intent to defraud Coast Drug Company, 1539 McHenry Avenue, Modesto, did make, draw, utter and deliver to Coast Drug Company, 1539 McHenry Avenue, Modesto, a check in the amount of $50.00, for payment of money upon the bank of California, Riverbank[,] office, knowing at the time of drawing said check that he had not sufficient funds in or credit with said bank to meet the said check.

"Count II: The said Kenneth Hewitt, on or about the 29th day of May, A.D., nineteen hundred and sixty, at and in said County of Stanislaus, State of California, and prior to the filing of this information, wilfully, unlawfully, feloniously and with intent to defraud Coast Drug Company, 1539 McHenry Avenue, Modesto, [did make, draw, utter and deliver to Coast Drug Company, 1539 McHenry Avenue, Modesto,] a check in the amount of $50.00 for payment of money upon the Bank of California, Riverbank office, knowing at the time of drawing said check that he had not sufficient funds in or credit with said bank to meet the said check.

"Any person who wilfully, with intent to defraud, makes, draws, utters or delivers any check upon a bank for the payment of money, knowing at the time of such making, drawing, uttering or delivering that the maker or drawer of such check has not, at that time, sufficient funds in or credit with said bank for the payment of such check, and all other checks upon such bank then outstanding, in full, upon its presentation, although no express representation is made with reference thereto, is guilty of a criminal offense.

"The gist of the offense charged against the defendant in Counts I and II of the information, is fraudulent intent. Hence, findings which are necessary to sustain a verdict of guilt, and which must be supported by the evidence, are these: First, that the defendant made, drew, uttered or delivered the check in question, and in doing so acted wilfully and with intent to defraud. Second, that at the time of so doing, he

knew that he had neither funds nor credit with the drawee to meet the check in full when presented.

"An intent to defraud is an intent to deceive another person for the purpose of gaining some material advantage over him or to induce him to part with property or to alter his position to his injury or risk, and to accomplish that purpose by some false statement, false representation of fact, wrongful concealment or suppression of truth, or by any other artifice or act fitted to deceive."

Appellant's counsel argues that the instructions on intent were contradictory rather than complementary, that the instructions on general and specific intent are irreconcilable, and that ". . . no one will ever know which instruction the jury followed and relied upon in arriving at a verdict." In *People* v. *Zerillo,* 36 Cal.2d 222, 231-232 [223 P.2d 223], the defendant was charged with bribery, which offense requires proof of specific intent. The alleged error in that case is thus discussed:

"The court gave the following instruction to the jury: 'Now in every crime or public offense there must exist a union or joint operation of act and intent. To constitute criminal intent it is merely necessary that a person intend to do an act, which if committed, will constitute a crime. When a person intentionally does that which the law declares to be a crime, such person is acting with criminal intent even though he may not know that such act is unlawful and even though there be no bad motive.' It is not claimed that any of the statements in the instruction are erroneous as abstract propositions of law when given in a proper case, but defendant argues that where, as here, a specific intent is an essential element of the crime charged, the instruction is confusing and misleading.

"It would seem clear that where specific intent is in issue this instruction should not be given without explanation, and that it should be qualified by adequate instructions on the requirement of specific intent. In the present case the jurors were not given any direct explanation or qualification of the instruction, but we cannot say that they were misled in view of the fact that they were repeatedly instructed elsewhere that the making or offering of a gratuity or present to a public official is not criminal 'unless there was a prior corrupt understanding or the act of giving or offering to give is at the very time coupled with a corrupt intent to influence the recipient in the discharge of his duty in a public or official capacity,' and that defendant could not be found guilty unless the jury was

satisfied that he offered a bribe to Duffy 'with the intent to then and there corruptly influence him in respect to' any official act.

"The challenged instruction used the expression 'criminal intent' in its narrow and proper sense, defining it as nothing more than the intentional doing of 'that which the law declares to be a crime,' and, as we have seen, other instructions pointed out in several places that the act in the present case 'which the law declares to be a crime' is the offering of a bribe with specific intent to influence official action. As so used and defined, the expression 'criminal intent' was not broad enough to mislead the jury, and the instruction did not, as claimed, authorize the jury to infer a specific intent on defendant's part from the mere act of his offering money to Duffy. (*Cf. People* v. *Maciel,* 71 Cal.App. 213, 216-219 [234 P. 877].) The instruction in question differs considerably from those involved in the cases relied on by defendant, and, unlike them, is not reasonably susceptible to a construction which would permit the jury to base a finding of specific intent upon a presumption of law." [Citing cases.]

In *People* v. *Geibel,* 93 Cal.App.2d 147, 176 [208 P.2d 743], a forgery case, it was held to be error to give an instruction on general intent as well as a short and unstressed instruction as to the specific intent necessary to prove the crime. And in *People* v. *Booth,* 111 Cal.App.2d 106, 109 [243 P.2d 872] the court frowned upon the use of an instruction with respect to general criminal intent in those cases requiring proof of specific intent, but said that the error would not warrant a reversal of a conviction of violation of section 288 of the Penal Code because, "The nature of the acts was such as to preclude the belief they were committed without criminal intent."

While it would have been better for the trial court to have omitted the instruction as to general intent, the complete instructions specifying and emphasizing the necessity of proof of specific intent were so clear and emphatic that the jury could not have been confused or misled as to the applicable law. This conclusion that there was no reversible error is reinforced by the clear proof of guilt shown by the record.

The judgment is affirmed.

STONE, J.—I concur in affirming the judgment, but in doing so I desire to make it clear that I believe the trial court committed error by giving an instruction on general intent in addition to its correct instruction on the specific intent re-

quired to prove a violation of Penal Code section 476a. To my mind the error comes within the rationale of the recent Supreme Court cases, *Cummings* v. *County of Los Angeles,* 56 Cal.2d 258 [14 Cal.Rptr. 668, 363 P.2d 900], and *Daun* v. *Truax,* 56 Cal.2d 647 [16 Cal.Rptr. 351, 365 P.2d 407]. In these cases the trial court gave an instruction on the rule of negligence per se and also a modifying instruction stating the rule that an infant's conduct is to be measured by his age, experience, intelligence and capacity. The Supreme Court held the instructions to be in conflict, rejecting the argument that there was no error if all of the instructions are considered together and each instruction is construed in the light of all the others. Although *Cummings* and *Daun* are civil cases concerned with the subject of negligence, the governing principle is applicable to jury instructions in all cases.

The reason the error is not reversible in this case is that proof of the defendant's guilt is overwhelming. Particularly significant is his failure to take the stand and testify on his own behalf or, for that matter, to present any evidence. A careful examination of the entire case discloses that the error did not result in a miscarriage of justice.

Brown, J., deeming himself disqualified, did not participate.