[Crim. No. 8165. Second Dist., Div. Four. Dec. 5, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. LORENZO JOSEPH MANFREDO, Defendant and Appellant.

Harold J. Ackerman, Joseph Ash and Robert A. Elliott for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Mario A. Roberti, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—In an information filed by the District Attorney of Los Angeles County, defendant and codefendant Arthur Lombardo (not appealing), were charged with violation of section 459, Penal Code, burglary. The information was amended and charged defendant Manfredo with a prior conviction of a felony in the superior court of Providence, Rhode Island, on September 23, 1941, for which he served a term of imprisonment in the state prison. Defendant pleaded not guilty and denied the prior conviction. Trial was by jury. The jury returned a verdict of guilty in the second degree and found the prior conviction of the felony as alleged to be true. Motion for a new trial was denied. Probation was denied and defendant was sentenced to state prison for the term prescribed by law. This is an appeal from the judgment of conviction and order denying defendant's motion for a new trial.

The evidence reveals there was a burglary of the Golden Bull Restaurant in Los Angeles County. Fay Beth Rogers testified she was a waitress at the restaurant and, at approximately 1 a. m., May 1, 1961, Lombardo and defendant came into the bar, listened for awhile and then walked into the banquet room which was closed. She inquired of them whether they were interested in booking a banquet. Defendant replied that he was. He stated his name was DeMarco; he owned the DeMarco Company; and had booked the banquet room before.

Chris Nielsen testified he lived on the same property in the rear of the restaurant; he returned to his home at approximately 2 a. m. on May 1, 1961; he saw two figures come across the parking lot following the path along the side of the building and enter through a side door of the restaurant; the two persons he saw entering the door were similar in size and build to the defendant and codefendant; he crossed the street and called the police.

William H. Macy, a police officer in the City of Los Angeles, and a fellow officer arrived at the scene at approximately 2:35 a. m. in response to a radio call. His partner checked the front door of the restaurant as he checked the back door. As he went to the side of the building he observed codefendant Lombardo by the window of the restaurant with a glove on his left hand and another glove in his right pocket. He observed a pair of pliers in his pocket and a brace and bit were found at the bottom of the window. Lombardo told him that "Buddy" was inside the restaurant. While talking to Lombardo, he heard what seemed to be a crashing of chairs inside the restaurant and observed defendant running from the southwest corner of the building. He went in pursuit and yelled "Stop! Police!" Defendant continued to run. He pursued defendant and found him crouched between two houses and a fence. Defendant threw up his hands and said, "I give up. I thought you were somebody else." There was a door which led to the kitchen of the restaurant on the side of the building from which the officer observed defendant run. In checking the door he discovered it was open. When apprehended defendant stated he had been to Kirkwood's bowling alley where he had an argument with his girl friend and he was running because some fellows were chasing him.

Defendant testified in his own behalf. During the evening of April 30, 1961, he met a girl at a supper club. The girl went with him to the Kirkwood bowling alley and "one of the

fellows there went after the girl.'' He ''threw a punch'' and one of the other fellows came towards him and he ''took off.'' He ran up a hill and next thing he knew a policeman with a gun told him to put up his hands. He denied saying, ''I give up.'' He denied he had burglarized the Golden Bull or that he had ever been inside the restaurant. He also denied knowing codefendant Lombardo or that he had ever seen him prior to his arrest. The reason he ran was that he thought one of the fellows was chasing him from the bowling alley. He did not know the girl's name except he called her ''Anne.'' He denied he had ever been convicted of a felony; he admitted he had lived in Rhode Island in 1941 and had been in trouble there and that he had been sent to a ''workhouse'' for entry. He testified he had never been sent to prison.

Anthony Lombardo testified he did not intend to break into the Golden Bull Restaurant but he admitted he went into the restaurant through a side door with ''Buddy.'' He denied he knew defendant or had ever seen him until the night of the arrest. He testified that defendant was not the person he knew as ''Buddy.'' He had seen ''Buddy'' on several occasions and thought ''Buddy'' worked at the Golden Bull. He stated that if he saw him again he could identify him.

Defendant contends the evidence is insufficient as a matter of law to sustain the judgment. This contention is without merit as shown by the summary of the evidence heretofore given.

In regard to the element of intent '' [i]t is necessary for the People to show that a person charged with burglary entered the premises with intent to commit theft or some other felony. Such intent may be inferred from the facts and circumstances disclosed by the evidence. Such intent is rarely susceptible of direct proof and must, therefore, ordinarily be inferred from the circumstances. When the evidence is sufficient to justify a reasonable inference that such intent existed, the verdict will not be disturbed on appeal.'' (*People* v. *Franklin,* 153 Cal.App.2d 795, 797 [314 P.2d 983].)

Defendant next contends the evidence was insufficient as a matter of law to prove the prior conviction of a felony, and the questioning of defendant and the proof of the alleged prior felony conviction for the purpose of impeachment was prejudicial error. We find no merit in this contention. It was established that defendant was the same person named in the allegation of a prior conviction of a felony in the State of Rhode Island through stipulation by all counsel

that the fingerprints in the documents from Rhode Island were defendant's fingerprints. Defendant made no objection to the exhibit consisting of a fingerprint card, a photograph, certification by certain authorities and a letter on the stationery of the office of the warden addressed to District Attorney McKesson, which read as follows:

"Letter from 6-14-61
Office of the Warden

"Dear Mr. McKesson:

"Enclosed find photographs and copy of subjects prior. Subject was sentenced on September 23, 1941, in Providence Superior Court for Entering a shop in the night time and Larceny. His term of sentence was three years. The affidavit will be sent to you under separate cover.

> Robert J. Black.
> Sr. Classification Counselor
> 254247"

Defendant waived any objection to the competency of the prison record of the State of Rhode Island by failing to object when the record was offered.

"It has been uniformly held that the competency or admissibility of evidence may not be raised for the first time on appeal, and that, when it has been admitted at the trial without objection, it may be considered in support of the judgment. [Citations.]" (*People* v. *Houston,* 88 Cal.App.2d 11, 17 [198 P.2d 53].)

Defendant further argues that the exhibit received in evidence indicated he was 16 years of age at the time he was sentenced to state prison in Rhode Island. He also offered evidence he was born on September 22, 1928, which would make it appear he was of the age of 13 years at the time of his prior conviction. An examination of the photographs introduced as a part of the record belies any conclusion that he was only 13 years of age. Taking either view of the evidence, defendant was sentenced to and confined in the state prison in the State of Rhode Island. We cannot change this result "[A]bsurd consequences would result if the courts of this state could take evidence to prove, and upon that evidence adjudicate for themselves, that a defendant was not guilty of a crime with which he had been charged, for which he had been tried or to which he had pleaded guilty, and of which

he had been convicted in another state." (*In re Wolfson*, 30 Cal.2d 20, 31 [180 P.2d 326].) We conclude there was sufficient competent evidence of defendant's former conviction.

██ Defendant contends that there is doubt as to whether the Rhode Island conviction would constitute a felony conviction under California law. We may resolve any doubt which may exist by taking judicial notice of the law which was then, and still is, in effect in our sister state. (Code Civ. Proc., § 1875, subd. 3.) ██ *The General Laws of Rhode Island*, volume 3, chapter 8, contain several sections which prohibit generally the crimes of burglary, breaking and entering, and entry. All of these sections require that an entry be committed with felonious intent and all of the offenses are punishable as felonies. While the record does not state which section defendant's conviction was based upon, it is apparent that he was convicted under the only section which prohibits a mere entry into any building (Gen. Laws of Rhode Island, § 11-8-3, as amended General Laws 1938, ch. 608, § 9). This section requires the entry to be made with intent to commit certain specific felonies, one of which is larceny. The offense for which defendant was convicted in Rhode Island was also a felony under California law (Pen. Code, § 459, as amended by Stats. 1913, ch. 144, § 1).

██ Defendant further contends that the district attorney committed prejudicial error in questioning the defendant as to the prior felony conviction. With this we disagree. Defendant took the stand in his own behalf and denied the fact he had been convicted of a prior felony. ██ "In this state the testimony of a witness may be impeached by proof that he has suffered the prior conviction of a felony. (Code Civ. Proc., § 2051.) This rule applies to a defendant who testifies in his own behalf in a criminal trial notwithstanding the fact that such evidence tends to prejudice him in the eyes of the jury. [Citations.] [██ The nature of the crime or crimes of which he was convicted is a proper subject of inquiry in establishing the fact of his conviction. [Citations.] But details and circumstances comprising the prior offenses are not admissible. [Citations.]" (*People* v. *David*, 12 Cal.2d 639, 646 [86 P.2d 811].)

██ The record here shows the district attorney did not exceed the bounds laid down in this case in his cross-examination. Defendant by his denial of the type of felony with which he had been convicted invited the questions of the district attorney. It may be further noted that defendant's

counsel did not object to the questions after they had been asked. Thus, the failure to object waived any possible error.

Defendant next contends the trial court erred in giving the instructions generally referred to as the general intent instructions[1] along with an instruction covering specific intent[2] as is required in a prosecution for burglary.　　We agree that it is error to give an instruction on general criminal intent in addition to an instruction on specific criminal intent when the only crime involved is one requiring specific intent. In such a case the general intent instruction is wholly irrelevant to the issues, and it may tend to create confusion in the minds of the jurors. (*People* v. *Booth,* 111 Cal.App.2d 106, 109 [243 P.2d 872].) Such error is not prejudicial however, unless it appears from the circumstances that the jury could have been misled in applying the two instructions (*People* v. *Warren,* 175 Cal.App.2d 233, 240 [346 P.2d 64]; *People* v. *Hewitt,* 198 Cal.App.2d 247, 252 [18 Cal.Rptr. 5].)

In the case before us the instruction on specific intent clearly pointed out the state of mind that is necessary for the crime of burglary and in view of the substantial evidence of guilt present in this case we cannot conceive how the jury could have been reasonably misled by the general intent instruction.

Judgment of conviction is affirmed and appeal from the order denying motion for new trial is dismissed.

Burke, P. J., and Ford, J.,* concurred.

---

[1]The court read California Jury Instructions (Criminal), numbers 71 Alternate and 72-A.

[2]California Jury Instructions (Criminal), number 72-B.

*Assigned by Chairman of Judicial Council.