Filed 12/26/24  P. v. Bourque CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> AARON THOMAS BOURQUE, <br><br> Defendant and Appellant. | F087166 <br><br> (Super. Ct. No. BF190843A) <br><br><br> OPINION |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Gina C. Teddington, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ivan P. Marrs and Carly Orozco, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Detjen, J. and Fain, J.[†]

[†] Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Defendant Aaron Thomas Bourque was charged with buying or receiving a stolen vehicle (Pen. Code,[1] § 496d, subd. (a)). The information further alleged he was previously convicted of criminal threats and attempted robbery, both qualifying "strikes" under the Three Strikes law (§§ 667, subds. (c)–(j), 1170.12, subds. (a)–(e)). Following a trial, the jury found defendant guilty as charged and the value of the stolen vehicle exceeded $950. In a bifurcated proceeding, the trial court found true the strike priors. Defendant received a six-year prison sentence.

On appeal, defendant contends the trial court "prejudicially erred by giving CALCRIM No. 362 consciousness of guilt instruction, which unfairly and improperly singled out [his] testimony and violated his right to due process." (Some capitalization omitted.) He also asks us to review the materials disclosed at an in camera hearing and determine whether the court properly ruled on his *Pitchess*[2] motion. We conclude: (1) the purported instructional error did not prejudice defendant; and (2) the court's ruling on defendant's *Pitchess* motion did not constitute an abuse of discretion.

## STATEMENT OF FACTS

### I.   Prosecution's case-in-chief

On July 1, 2022, at approximately 2:12 a.m., officers Alexander and Hearn of the Bakersfield Police Department were in their patrol vehicle when they observed a "mid-2000s white Chevrolet [Silverado] pickup truck driving through the parking lot" of a gas station. Defendant, who was driving the truck, parked next to a pump and exited "in a northeast direction." The officers pulled up behind the truck to "read the license plate and conduct a records check" because vehicle thefts—"specifically Chevy Silverados"—

---

[1] Unless otherwise indicated, subsequent statutory citations refer to the Penal Code.

[2] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

were prevalent in the area. The records check showed the license plate belonged to "a 1992 Chevy," which did not match the newer model before the officers.

The officers detained defendant, who was carrying a "small folding knife." An inspection of the truck revealed a damaged ignition switch, which "looked like something had been forced inside to start the vehicle" and was "consistent with vehicles [the officers] see that are stolen." Officer Alexander inserted the knife into the switch and successfully cranked the engine.

A.M. is the owner of the 2006 Chevrolet Silverado at issue. He reported the truck stolen on June 14, 2022. At trial, A.M. testified the value of the truck was "$8,000 or more." He noted the ignition switch had not been damaged prior to the truck's taking.

## II. Defense's case-in-chief

Defendant testified he and "[a] female named Sally" were "partying" and "smoking weed" at a motel in the early morning hours of July 1, 2022. They "ran out of cigarettes" and Sally asked defendant "to go to the store and put gas in the car and get some cigarettes." She gave him a "key/knife" and told him to use "the white Silverado," which belonged to her boyfriend. Defendant—who did not think the "key/knife" was unusual—drove to the gas station, where he was later apprehended by officers. He was not aware the truck had been stolen.

On cross-examination, the prosecutor asked defendant if he "didn't think it was odd to start a vehicle with a knife key." Defendant answered, "That's what she gave me, sir. She's a drug addict; so I figured she, you know . . . ."

## DISCUSSION

## I. Assuming, arguendo, the trial court improperly issued CALCRIM No. 362, the error did not prejudice defendant.

a. *Background*

The prosecution asked the court to give CALCRIM No. 362 (Consciousness of Guilt: False Statements) to the jury. Defense counsel objected to the request on the basis

"there is no evidence that [defendant]'s statements were false in any material way." The court overruled the objection, finding "sufficient facts for the People to argue this . . . ."

Prior to closing arguments, the court instructed:

> "[CALCRIM No. 362] Consciousness of Guilt: False Statements.
>
> "If the defendant made false or misleading statements before the trial knowing the statement was false or intending to mislead, that conduct may show that he was aware of his guilt of the crime and you may consider it in determining his guilt. If you conclude the defendant made the statement, it's up to you to decide its meaning and importance. However, evidence that the defendant made such a statement cannot prove guilt by itself."

b. *Analysis*

By constitutional mandate, "[n]o judgment shall be set aside, or new trial granted, in any cause, on the ground of misdirection of the jury, . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Cal. Const., art. VI, § 13; see *Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 579 ["The word 'misdirection' logically includes every kind of instructional error."].) "[A] 'miscarriage of justice' should be declared only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836; see *People v. Jones* (2012) 54 Cal.4th 1, 53 [instructional error evaluated under *Watson*'s reasonable probability standard].)

Assuming, arguendo, the court should not have issued CALCRIM No. 362, it is not reasonably probable a result more favorable to defendant would have been reached absent this instruction. Section 496d, subdivision (a) provides in pertinent part:

> "Every person who buys or receives any motor vehicle . . . that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, . . . shall be punished . . . ."

Thus, to sustain a conviction under this statute, "the prosecution must prove: (1) the [vehicle] was stolen; (2) the defendant knew the [vehicle] was stolen . . . ; and, (3) the defendant had possession of the stolen [vehicle]." (*People v. Russell* (2006) 144 Cal.App.4th 1415, 1425, overruled in part on other grounds by *People v. Covarrubias* (2016) 1 Cal.5th 838, 874, fn. 14.) "The requisite guilty knowledge can be inferred from circumstantial evidence." (*People v. Siegfried* (1967) 249 Cal.App.2d 489, 493; see *People v. Nguyen* (2015) 61 Cal.4th 1015, 1055 [" 'Evidence of a defendant's state of mind is almost inevitably circumstantial, but circumstantial evidence is as sufficient as direct evidence to support a conviction.' "].) For instance, "the possession of stolen property, accompanied by suspicious circumstances, will justify the drawing of an inference that it was received with knowledge that it had been stolen [citation]." (*People v. Roland* (1969) 270 Cal.App.2d 639, 647.) Here, A.M. reported his 2006 Chevrolet Silverado was stolen on June 14, 2022. Two weeks later, on July 1, 2022, defendant was driving this truck with a mismatched license plate. (See *People v. Land* (1994) 30 Cal.App.4th 220, 223, fn. 2 ["no question" the defendant would have "had possession of the car" if he were the driver]; see also *People v. Lopez* (1954) 126 Cal.App.2d 274, 278 ["inference that the goods were received with knowledge that they had been stolen" warranted "where the accused is found in possession of the articles soon after they were stolen"].) He did not use a proper car key to operate the vehicle. Instead, defendant used a fabricated "key/knife" to crank the engine, which caused outward damage to the ignition switch. Law enforcement witnesses attested such damage was consistent with that seen in stolen vehicles. (Cf. *People v. Hall* (1998) 67 Cal.App.4th 128, 132 ["plastic behind the steering wheel of the van had been ripped open" and "enabl[ed] someone to 'hot wire' the van, thereby activating the ignition without a key"].) In addition, defendant testified Sally—a "drug addict"—had given him the "key/knife" and told him to drive the truck. (See *People v. Boinus* (1957) 153 Cal.App.2d 618, 622 [knowledge may be inferred where stolen property "was obtained from a person of questionable character"].)

Our "conclusion that there was no reversible error is reinforced by the clear proof of guilt shown by the record." (*People v. Hewitt* (1961) 198 Cal.App.2d 247, 252.)

On appeal, defendant asserts the more stringent "harmless beyond a reasonable doubt" standard prescribed in *Chapman v. California* (1967) 386 U.S. 18, 24 is the proper test of reversible error because CALCRIM No. 362 allowed "unconstitutional permissive inferences." Our Supreme Court, however, has consistently rejected claims of improper inferences with regard to CALCRIM No. 362's precursor: CALJIC No. 2.03 (Consciousness of Guilt—Falsehood).[3] (See, e.g., *People v. Covarrubias*, *supra*, 1 Cal.5th at p. 922; *People v. Nelson* (2016) 1 Cal.5th 513, 552; *People v. Williams* (2015) 61 Cal.4th 1244, 1265; *People v. Charles* (2015) 61 Cal.4th 308, 329–330; *People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 438.) "Although there are minor differences between CALJIC No. 2.03 and CALCRIM No. 362 . . . , none is sufficient to undermine our Supreme Court's approval of the language of these instructions." (*People v. McGowan* (2008) 160 Cal.App.4th 1099, 1104.) We decline defendant's invitation to ignore the doctrine of stare decisis. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

## II. The trial court did not abuse its discretion when it concluded Officer Hearn's personnel records contained no discoverable material.

a. *Background*

On July 7, 2023, defense counsel filed a *Pitchess* motion for discovery of Officer Hearn's personnel records, seeking materials related to any "dishonesty, false testimony,

---

[3] CALJIC No. 2.03 reads:

"If you find that before this trial [a] [the] defendant made a willfully false or deliberately misleading statement concerning the crime[s] for which [he] [she] is now being tried, you may consider that statement as a circumstance tending to prove a consciousness of guilt. However, that conduct is not sufficient by itself to prove guilt, and its weight and significance, if any, are for you to decide."

false police reports, and acts involving moral turpitude." On July 18, 2023, the trial court conducted an in camera hearing, found no discoverable material, and sealed the reporter's transcript.

On appeal, defendant asks us to "make an independent review of the sealed transcript of the in-camera proceeding" and "determine whether any discoverable material was improperly withheld from him." The Attorney General does not oppose this request.

b. *Analysis*

" 'A criminal defendant has a limited right to discovery of a peace officer's personnel records. [Citation.] Peace officer personnel records are confidential and can only be discovered pursuant to Evidence Code sections 1043 and 1045.' [Citation.]" (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 180; see *People v. Mooc* (2001) 26 Cal.4th 1216, 1220 (*Mooc*) [California Legislature codified *Pitchess* motions].) "[O]n a showing of good cause, a criminal defendant is entitled to discovery of relevant documents or information in the confidential personnel records of a peace officer accused of misconduct against the defendant." (*People v. Gaines* (2009) 46 Cal.4th 172, 179 (*Gaines*), citing Evid. Code, § 1043, subd. (b).) "Good cause for discovery exists when the defendant shows both ' "materiality" to the subject matter of the pending litigation and a "reasonable belief" that the agency has the type of information sought.' [Citation.]" (*Gaines*, *supra*, at p. 179.)

"If the trial court concludes the defendant has . . . made a showing of good cause, the custodian of records should bring to court all documents 'potentially relevant' to the defendant's motion" (*Mooc*, *supra*, 26 Cal.4th at p. 1226) and "the court must review the requested records in camera to determine what information, if any, should be disclosed" (*Gaines*, *supra*, 46 Cal.4th at p. 179). "Subject to statutory exceptions and limitations . . . the trial court should then disclose to the defendant 'such information [that] is relevant to the subject matter involved in the pending litigation.' " (*Mooc*, *supra*, at p. 1226, quoting

7.

Evid. Code, § 1045, subd. (a).)  "A trial court's ruling on a motion for access to law enforcement personnel records is subject to review for abuse of discretion."  (*People v. Hughes* (2002) 27 Cal.4th 287, 330.)

Here, the court followed the proper procedure and created an adequate record of the July 18, 2023 in camera hearing.  (See *Mooc*, *supra*, 26 Cal.4th at pp. 1228–1229.)  Based on our evaluation, "[w]e are satisfied the trial court did not abuse its discretion by finding no discoverable information."  (*People v. Byers* (2016) 6 Cal.App.5th 856, 869.)

## DISPOSITION

The judgment is affirmed.