[Crim. No. 1257.   Second Appellate District, Division One.—December 31, 1925.]

THE PEOPLE, Respondent, v. RUSSELL SMITH, Appellant.

[1] CRIMINAL LAW — ROBBERY — SEPARATE TRIALS — DISCRETION OF TRIAL COURT.—In this prosecution under an indictment jointly charging appellant and two others with the crime of robbery, the trial court did not abuse its discretion in denying appellant's motion for a separate trial; in fact, upon the showing made by appellant, if the motion had been granted, it might well have been urged that the purpose of the legislature in amending section 1098 of the Penal Code would have gone for naught.

[2] ID.—CONTINUANCE—DISCRETION—APPEAL.—The granting of a continuance is a matter in the discretion of the trial court, and the appellate court is justified in sustaining the appellant's contention that the trial court's refusal to grant a continuance operated as prejudicial to his rights only when it appears there has been an abuse of discretion by the trial court which operated in some way to deprive the appellant of some substantial right.

[3] ID.—CONTINUANCE—INSUFFICIENT AFFIDAVIT.—In this prosecution under an indictment charging robbery, the affidavit offered by defendant in support of his motion for a continuance, on the

---

1.  See 8 Cal. Jur. 194, and Supplement.
2.  See 8 Cal. Jur. 211; 6 R. C. L. 544.

ground of absence of an alleged necessary and material witness, was wholly insufficient, especially in these days of crowded calendars, to have justified an indefinite postponement of the case.

[4] ID.—MISCONDUCT OF DISTRICT ATTORNEY—JOINDER OF DEFENDANTS —SUBSEQUENT DISMISSALS.—In this prosecution under an indictment charging robbery, there was no merit in the contention that the district attorney was guilty of misconduct prejudicial to appellant, by reason of the facts that appellant and another were jointly charged with the crime, thereby enabling the district attorney to have introduced into the record testimony material against said other person, but immaterial as to appellant, and as to him highly prejudicial, that the district attorney called said other person as a witness in the direct presentation of his case, and that in his argument to the jury the district attorney advised the jury to find said other person not guilty.

[5] ID. — INSUFFICIENT EVIDENCE TO CONVICT — RECOMMENDATION OF DISMISSAL—DUTY OF DISTRICT ATTORNEY.—While, under ordinary circumstances, the district attorney, either feeling that one charged with crime is not guilty or that he has not the evidence sufficient to warrant a prosecution, disposes of the case by recommending a dismissal, he is not legally required to move the dismissal of any case simply because, in his opinion, the defendant is not guilty, or there is insufficient evidence to convict; and at most, the motion for a dismissal is merely a recommendation to the court, and it may refuse such dismissal if, for any reason, it differs with the district attorney as to the result that might be obtained in the trial of the case.

[6] ID.—ROBBERY—INSTRUCTIONS.—In this prosecution under an indictment charging robbery, the court fairly and fully advised the jury upon all matters which were before the court and which were properly the subject of the court's instruction, and the court did not commit prejudicial error in refusing certain of defendant's requested instructions and in giving others in modified form.

---

(1) 16 C. J., p. 785, n. 68.    (2) 16 C. J., p. 451, n. 91; 17 C. J., p. 233, n. 83, p. 235, n. 91.    (3) 16 C. J., p. 499, n. 56.    (4) 16 C. J., p. 886, n. 82.    (5) 16 C. J., p. 434, n. 59 New.    (6) 34 Cyc., p. 1810, n. 90.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Sidney N. Reeve, Judge. Affirmed.

The facts are stated in the opinion of the court.

---

5.   See 7 Cal. Jur. 1002.

Homer C. Mills for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

HAHN, J., *pro tem.*—Appellant Russell Smith was jointly charged with Mark Godfrey and Roy Smith, by an indictment returned by the grand jury of Los Angeles County, with the crime of robbery. Roy Smith, not having been apprehended at the time of trial, the case proceeded against defendants Mark Godfrey and Russell Smith. The jury returned a verdict of not guilty as to defendant Mark Godfrey and a verdict of guilty against defendant Russell Smith. From the judgment of the court upon the verdict of guilty, and the order of the court denying his motion for a new trial, appellant Smith prosecutes this appeal.

This, in effect, is a companion case to that of *People* v. *Hovermale, ante,* p. 91 [243 Pac. 878], which was decided by this court on the thirtieth day of December, 1925. The robbery in question occurred on the evening of November 7, 1924, between the hours of 7 and 8 o'clock. A Pacific Electric Pasadena Short Line car *en route* to Pasadena stopped at Valley Junction, an outlying station in a sparsely settled portion of Los Angeles city, and was boarded by three men. One of these men went to the front end of the car, the other two remaining upon the rear platform. Shortly after the car got under way and while the conductor was in the process of collecting his fares, a report was heard which suggested to one or more of the witnesses that a track torpedo had exploded, and to others a pistol shot, which, in fact, it proved to be. The conductor, immediately turning to go to the rear of the car, was confronted by one of the two men who had remained on the rear platform with a revolver pointed at him and a stern command to put up his hands. About the same time the man who had gone to the front end of the car was seen pointing a revolver at the motorman. The third one of the trio, shortly after the command of "Hands up!" proceeded to relieve the passengers of their money and valuables. The one who covered the conductor seemed to be in charge of the operations, for he was the one who gave commands to the conductor and passengers, as well as to the other two bandits. The

theory of the prosecution was that there were actually four men involved in the perpetration of the robbery. In addition to the three who boarded the car, a fourth man remained in a Ford touring car; that this fourth man had driven the three who actually perpetrated the robbery to the point where they boarded the car and then drove the Ford touring car to the point where it was agreed that the three bandits would leave the car; that the fourth man actually did pick up the three bandits and drove them away from the scene of the robbery; that of the three men that boarded the car, James Hovermale, the defendant in the case hereinabove referred to, was the one who directed the conduct of the robbery; that Roy Smith, the codefendant not apprehended, was the one of the trio who went to the front of the car and covered the motorman with his revolver; that Mark Godfrey, the one of the defendants acquitted, was the one who gathered up the money and valuables from the conductor and passengers, and that the defendant Russell Smith was the fourth man who drove the Ford touring car which brought the three bandits to the car, and, after the robbery had been completed, drove them away.

Appellant does not urge as a ground for reversal the insufficiency of the evidence to support the verdict, but does contend for a reversal of the judgment upon the following grounds: First, that the trial court erred in denying his motion for a separate trial; second, that prejudicial error was committed by the court in denying his motion for a continuance of the trial; third, that the district attorney was guilty of misconduct during the course of the trial and which was prejudicial to the rights of the appellant; fourth, that the court committed serious error in refusing certain requested instructions.

[1] The first point urged is one that has had extended consideration by the appellate courts of this state in recent decisions, and for this reason we do not feel that it is necessary to cover the ground by extended discussion in this case. The affidavit which was filed in support of the motion for a separate trial was of no greater weight, to say the least, than the showing made in several of the cases herein referred to, where the appellate courts of this state have held adversely to the position taken by the appellant

here. We are satisfied that the court, in denying appellant's motion for a separate trial, did not abuse its discretion. In fact, upon the showing made, if the motion had been granted, it might well have been urged that the purpose of the legislature in amending section 1098 of the Penal Code would have gone for naught.

[2] Appellant in his second point urges that the court's refusal to grant a continuance of the trial operated as prejudicial to his rights. It is, of course, unquestioned that this is a matter that lay in the discretion of the court, and this court would be justified in sustaining appellant's contention only when it appears there had been an abuse of discretion by the court which operated in some way to deprive the appellant of some substantial right. [3] In support of the motion for a continuance there was offered the affidavit of the defendant which alleged, among other things, that C. R. Godfrey, who resided at Brigham, Utah, was a necessary and material witness for the defendant; that affiant on May 4, 1925, had forwarded to the said Godfrey at his home in Utah money with which to pay his expenses to come to Los Angeles; that on May 14, 1925, which was five days prior to the commencement of the trial, said Godfrey not having arrived in Los Angeles, a telegram was sent to the wife of the said Godfrey at Brigham, Utah, inquiring as to when the said Godfrey would arrive in Los Angeles; that in reply the said wife of Godfrey wired that he, Godfrey, had left Brigham, Utah, on May 6, 1925, for Los Angeles, and that she had heard nothing from him since. The affidavit, which bears date of May 18, 1925, the day prior to the commencement of the trial, further sets forth that at the time of the making of the affidavit Godfrey had not appeared, and further that the defendant expected that Godfrey, if present, would testify to certain matters set forth in the affidavit. There is absolutely nothing in the affidavit which shows that the desired witness Godfrey had ever informed affiant or anyone on his behalf that he would come to Los Angeles and testify on behalf of the defendant. Nor is there any showing as to when the witness Godfrey would arrive, if ever, in Los Angeles, and indicate his willingness to appear as a witness on behalf of the defendant. The only information before the court as to the whereabouts or intention of Godfrey was the statement that

a telegram had been received from Godfrey's wife saying he had left Brigham, Utah, on May 4th, for Los Angeles. Manifestly, if Godfrey had left Brigham for the purpose of coming to Los Angeles, and we must assume that he knew the date for which the trial was set, he had abundant time to have reached Los Angeles before the date of the trial, and if perchance he had met with accident or delay it would not do violence to reason to assume that he would have wired or in some way communicated with the defendant explaining his delay. We are of the opinion that the showing was wholly insufficient to have justified, especially in these days of crowded calendars, an indefinite postponement of the case. Had the facts been such as to have indicated the delay of Godfrey was due to unavoidable accident, it would appear that the defendant had sufficient time to have made the necessary inquiry and to have made such a showing as would have convinced the court that Godfrey was in good faith on his way to Los Angeles for the purpose of appearing as a witness in this case and his failure to arrive was in no sense due to his own fault. It may be further suggested that, although the trial consumed some four days before its completion, there was no showing that during that four-day period the said Godfrey had not arrived or could not have been secured by reasonable effort on the part of the defendant. Although authorities on this point have been cited by both appellant and respondent, we do not deem it necessary to either cite authorities or discuss those cited.

[4] The third assignment of error may be best stated in appellant's own language as set forth in his brief:

"That the deputy district attorney was guilty of misconduct, which prevented the defendant, Russell Smith, from having a fair and impartial trial, in this, that he never intended to try the defendant, Mark Godfrey, upon the charge contained in the indictment, except to pretend to try him, in order to have introduced into the record testimony material against said Mark Godfrey but immaterial as to the defendant, Russell Smith, and highly prejudicial to said Russell Smith, when said Deputy District Attorney, had reason to believe, and did believe said Mark Godfrey had committed no crime as charged in the indictment, and in his argument to the jury, advised the jury to find the

said Mark Godfrey not guilty, and further stated that if the jury, did not agree with his desires in the matter, he would personally apply to the court to set aside the verdict, in the event it should be guilty.''

The only basis for the foregoing assertion of the appellant as to the purpose of the district attorney must find its support, if any, in the argument made by the district attorney to the jury. For there is nothing else in the record that would indicate that the prosecutor was actuated by any other than the usual purpose in the prosecution of a case, unless some other inference may be drawn from the fact that the district attorney called as a witness, in the direct presentation of his case, appellant's codefendant, Mark Godfrey. The record, however, shows that when Mark Godfrey took the stand he was represented by counsel and definitely stated he had been duly advised as to his rights by counsel, and that he desired to take the stand and give testimony as to matters connected with the case.

It is true, as suggested by appellant, that an unusual situation is presented in the trial of criminal cases when the district attorney, as in the instant case, in his argument to the jury, stated that in his own opinion the explanation made by the codefendant, Mark Godfrey, of his part in the holdup could be believed, and that he himself believed it, and that believing that Mark Godfrey was forced into his part in the holdup by Hovermale, one of the bandits, he recommended to the jury that they acquit Mark Godfrey of the charge. With refreshing frankness, the district attorney explained to the jury his reason for placing Mark Godfrey on the stand and also his reason for concluding that Mark Godfrey should not be held legally responsible for his part in the holdup.

[5] While it is true, under ordinary circumstances, the district attorney, either feeling that one charged with crime is not guilty or that he has not the evidence sufficient to warrant a prosecution, disposes of the case by recommending to the court a dismissal, we know of no rule of law or legal procedure that requires the district attorney to move the dismissal of any case simply because, in his opinion, the defendant is not guilty, or there is insufficient evidence to convict. At most, the motion for a dismissal is merely a recommendation to the court. If the court, for

any reason, differs with the district attorney as to the result that might be obtained in the trial of the case, there can be no doubt that the court has a full right to refuse such dismissal. In fact, it might be urged with considerable force that in such a serious charge as this, where the grand jury has presented an indictment charging any person or persons with such an offense, it might well be a better practice for the district attorney to submit to a court and jury all of the evidence within his knowledge and let the court and jury, that is particularly charged with the duty of determining guilt or innocence of one charged with crime, assume the responsibility.

It is urged at considerable length by appellant that the motive of the district attorney in putting Godfrey on trial was not to do Godfrey justice, but rather to do what the appellant contends was an injustice to him, in that the district attorney might thus be enabled to get before the jury testimony which would be ruled out if the appellant here went to trial alone. Two answers may be urged to this contention: First, that we know of no rule or reason that requires the district attorney to present the case of the People in a manner that will best serve the interests of any particular defendant. Assuming, for the sake of argument, that the prosecution was enabled, by having Godfrey a defendant in the case, to present evidence that otherwise would not have been admissible, surely the district attorney had the right to present evidence in any manner that was allowable under the law and the practice, and that in doing so he may have gained an advantage that would not have been his under other circumstances, could not reasonably be held to have operated to the prejudicial injury of the appellant here. Furthermore, as a second answer, it may be pointed out that we do not note in the record any objection urged by appellant to any ruling made by the court on the testimony of Godfrey, or any other testimony that was allowed to be presented to the jury and which would not have been admissible if Godfrey had not been on trial. Had the case against Godfrey been dismissed, unquestionably he could have been, and would have been, used by the district attorney in the same way that he took the stand in the trial of the case. We feel there is no merit in appellant's contention on this point.

[6] The remaining points urged by appellant for a reversal have to do with instructions requested by the appellant .and which were either refused or given by the court in modified form. We have carefully reviewed all the instructions given by the court, as well as those refused, and without entering into a detailed discussion as to the merits of each point as urged by appellant, in relation to the several instructions refused, as they are both numerous and somewhat lengthy in form, we feel the situation is fairly met by saying that we find no prejudicial error in the court's ruling on these instructions. Some of the instructions which are the subject of discussion were identical with those offered and refused in the Hovermale case, and in which opinion we held that there was no prejudicial error in the rulings of the court on the matter of instructions. Our review of the instructions given by the court convinces us that the court fairly and fully advised the jury upon all matters which were before the court and which were properly the subject of the court's instruction.

The judgment and order of the court denying the defendant's motion for a new trial are affirmed.

Conrey, P. J., and Curtis, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 28, 1926, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 1, 1926.