[Crim. No. 665. Fourth Dist. Nov. 15, 1948.]

THE PEOPLE, Respondent, v. NATHAN BERNSTEIN, Appellant.

William W. Shaw for Appellant.

Fred N. Howser, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with violating section 476a of the Penal Code in that on January 19, 1948, he fraudulently issued a bad check to the Kona Inn in Palm Springs, and in that he issued two other bad checks on

January 17, 1948, in payment for merchandise. A jury found him guilty on all three counts and he was sentenced to imprisonment in the county road camp. He appeals from the judgment and from the order denying his motion for new trial.

It is first contended that the evidence is insufficient to support the judgment. While it is freely admitted that the checks were issued at a time when his bank account was overdrawn, it is argued that the evidence fails to show that the appellant had knowledge of the status of his account or that he intended to defraud anyone by issuing these checks. It is argued that the issuance of these and other bad checks do not show an intent to defraud but that they "do show that he was merely following his usual practice of drawing upon his account whenever he so desired."

The appellant was, or had been, in the business of buying and selling "surplus goods." He opened an account with a Hollywood bank on September 29, 1947, with a deposit of $7,787. Substantial further deposits and large withdrawals were made during October and November. The account was overdrawn by six cents on December 1, 1947. The only deposit thereafter made in this account was $500 placed therein by appellant's attorney on December 5, 1947. Of this amount $450 was immediately applied by the bank in payment of a check previously given by the appellant to a Mr. Rubin. A number of small checks were issued and this account was again overdrawn by $1.07 on January 14, 1948. In addition, 15 checks drawn by the appellant between December 10 and January 14 were returned because of insufficient funds. Among the checks thus returned were one for $172.90 to the Colonial House, a hotel in Palm Springs; one for $100 to the Ambassador Hotel in Los Angeles; and one for $152.90 to the Mark Hopkins Hotel in San Francisco. There was also evidence that the appellant registered at the Clark Hotel in Los Angeles on January 8, 1948, stayed four days and left without paying his bill; that from January 19 to January 28, he stayed at the St. Paul Hotel in Los Angeles and left without paying his bill, leaving a small quantity of luggage; and that from January 31 to February 4, he stayed at the Alexandria Hotel in Los Angeles and left without paying his bill. Also, on February 5, he gave a check to the Southern Pacific for $38.47 for passage to San Francisco and on February 9 gave a similar check for his return passage, both of which checks were returned for lack of funds.

■ Appellant's contention that he did not know that his account was overdrawn on January 17 and 19, when the checks here in question were issued, and that he had no reason to think that it was, is based upon his testimony that on November 28, 1947, he had a settlement with Mr. Rubin with respect to certain transactions between them; that on that day he gave Rubin a check for $450 which he did not think Rubin would cash; that on the same day Rubin gave appellant's attorney a check for $1,000 which the appellant supposed this attorney would deposit to appellant's account; and that he did not learn until later that Rubin had cashed the $450 check and that this attorney had deposited only $500, instead of $1,000, to his account. The effect of this explanation was largely destroyed by other portions of his story which would unduly strain the credulity of any juror. Moreover, it appears from his own testimony that he knew the actual situation with respect to these two matters long before the checks here in question were issued. On December 22, he borrowed $200 from a friend for the purpose of taking up a check he had issued. On December 24, 1947, in the justice's court at Palm Springs, he was arraigned on the charge of issuing a check to another hotel and was directly informed that that check had been returned for insufficient funds. He himself admitted that about the first of January he learned that his attorney had deposited only $500 in his account, and that between January 12 and January 16 he learned that the $450 check he gave Rubin had been cashed. On January 21, he sent several telegrams to people to whom he had given checks saying that he had discovered that his account was overdrawn. It rather clearly appears that he issued these checks on January 17 and 19, when he knew that his account was overdrawn and without making any inquiry at the bank. The evidence is ample to sustain the verdict and judgment.

■ It is next contended that the court erred in admitting evidence that the appellant left the Clark Hotel, the St. Paul Hotel and the Alexandria Hotel without paying his bills. These incidents were of a similar nature, were material on the question of intent, and occurred about the same time. He registered at the Clark on January 8, at the St. Paul on January 19 and at the Alexandria on January 31. The appellant argues that if he had had an intent to defraud by the use of checks he would have written checks to cover his bills at these three hotels. It does appear that during this same period he

issued five bad checks to three hotels, and numerous checks to other people, in addition to the checks directly involved on this appeal. The evidence here complained of was admitted for its bearing on the question of intent and was admissible for that purpose. (*People* v. *Harmon,* 10 Cal.App.2d 743 [52 P.2d 537].) This is especially true where a series of similar transactions show a common design. (*People* v. *Gordon,* 71 Cal.App.2d 606 [163 P.2d 110].) No error appears in this connection. (*People* v. *Dabb,* 32 Cal.2d 491 [197 P.2d 1].)

▇ It is next contended that the court erred in rejecting evidence of the subsequent payment of checks issued. The appellant offered to prove that he had paid $136.75 to the probation office of Riverside County to be applied upon certain checks issued by him. It was stated that this offer of proof was designed to show that some restitution was made while this criminal proceeding was pending. This evidence was properly rejected (*People* v. *Williams,* 69 Cal.App. 169 [230 P. 667] ; *People* v. *Cortze,* 108 Cal.App. 111 [290 P. 1083] ; *People* v. *Weaver,* 96 Cal.App. 1 [274 P. 361].)

Some complaint is made that the court erred in rejecting instructions offered by the appellant. With respect to the first two of these instructions it is admitted that they were covered by instructions which were given. With respect to the other two instructions the only argument made is that they contained correct statements of the law. This is not true as to one of them which, as worded, had the effect of nullifying what it purported to say. However, each of these instructions was adequately covered by other instructions which were given. The jury was fully and fairly instructed and no possible prejudice appears in this connection.

The judgment and order appealed from are affirmed.

Griffin, J., and Mussell, J., concurred.