[Crim. No. 6618. Second Dist., Div. Two. June 24, 1959.]

THE PEOPLE, Respondent, v. JOHN L. ADAMS, Appellant.

484

Joseph T. Forno for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Ernest E. Sanchez, Deputy Attorney General, for Respondent.

ASHBURN, J.—Defendant was convicted of five charges of fraudulently issuing a check without sufficient funds in the bank to meet the same, thus violating section 476a, Penal Code. Granted probation, he appeals from that order (Pen. Code, § 1237, subd. 1), and from an order denying his motion for new trial. Counsel makes two points, insufficiency of the evidence and error in finding defendant guilty upon all five counts. There is no merit in either contention.

■ In testing the first argument we "must assume in favor of the [finding] the existence of every fact which the [court] could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the [finding]." (*People* v. *Tom Woo,* 181 Cal. 315 326 [184 P. 389]; *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) Defendant did not testify and that fact fortifies the adverse inferences flowing from evidence produced by the prosecution. ■ "A defendant's failure to take the stand 'to deny or explain evidence presented against him, when it is in his power to do so, may be considered by the jury as tending to indicate the truth of such evidence, and as indicating that among the inferences that may reasonably be drawn therefrom, those unfavorable to the defendant are the more probable.' (*People* v. *Adamson,* 27 Cal.2d 478, 489 [165 P.2d 3].) . . . ■ In criminal cases, after the prosecution has made a prima facie case, the failure of the defendant to testify is not affirmative evidence of any fact, and any inference that can, in the circumstance, be justly drawn therefrom is persuasive rather than probative, lending weight to the evidence presented by the prosecution." (*People* v. *Ashley,* 42 Cal.2d 246, 268-269 [267 P.2d 271].)

■ The first charge relates to a check for $91.86 drawn by defendant on Bank of Los Angeles, on October 18, 1957. This check was entirely in defendant's handwriting except the amount; it was presented by some woman to a rug cleaner, Truman Doyle Method, in payment for work done in an apartment formerly occupied by defendant. The check was returned for want of sufficient funds. On said date defendant's account at that bank was overdrawn to the extent of $62.54. The account had been opened on September 24 by deposit of a check for $660 which was returned about five days later. Meantime, another deposit of $450 had been made but on the same day defendant wrote a check for $550. The dishonor of the $660 check resulted in the overdraft of $62.54. No credit had been extended by the bank to defendant. The account was closed on November 6, 1957.

Counts II and III relate to checks for $20 and $63.15, drawn by defendant upon Gilmore Commercial and Savings Bank. The $20 check was dated March 25, 1958, and delivered by a waiter in The Corsican Restaurant to Rosario Rizzo, one of the owners. Rizzo accepted it and it was returned by the bank unpaid. At that time defendant's bank balance

was 35 cents. The check had no address upon it, only a box number. Rizzo had extended no credit to defendant and he reported the dishonor of the check to the police. The account was closed on March 26th. In the 19 days that that account was in existence (March 7 to March 26), four of defendant's checks were returned for insufficient funds.

The check for $63.15, drawn on the Gilmore Bank, is dated April 26, 1958, and was delivered by defendant to Phil Phillips, Manager of Largo Night Club and Restaurant, in payment for food and beverages. Defendant had no line of credit there or at the bank and the check was returned unpaid. At the time it was drawn defendant had no account at the Gilmore bank.

Checks for $40 and $35 constitute the subject matter of Counts IV and V of the information. They were drawn on Santa Monica Bank under the respective dates of June 5, 1958, and June 7, 1958. Both were delivered by defendant to Miss Jean Lumpkin, an employee of Turner Drugs, in exchange for merchandise and cash. They were dishonored by the bank and defendant then ceased to be a customer of that drug store. He had no credit arrangement with the bank and his account was overdrawn on June 5th and 7th to the extent of $191.20. The bank's record shows that from June 2 to July 2, inclusive, checks drawn by defendant upon that bank were returned by it unpaid in 24 instances,—some being presented for payment several times, perhaps.

That defendant wrote all five checks mentioned in the information was admitted by counsel, except the amount of $91.86 which was inserted in the check given to Peterson for cleaning the apartment. On July 8, 1958, at 12:40 a.m. Deputy Sheriff Ostraff interviewed defendant, showed him the five checks and defendant said that "[h]e knew that the checks were no good when he had written them, but he anticipated getting some money." Also, "that he was trying to pick them up." Ostraff said, "Well, there is one of them that goes back over a year" and defendant replied, "Yes, I know."

Knowledge of lack of sufficient funds and intent to defraud, like any other fact, may be proved by circumstantial evidence (*People* v. *Oster*, 129 Cal.App.2d 688, 692 [278 P.2d 39]; *People* v. *Lane*, 144 Cal.App.2d 87, 89 [300 P.2d 321]; *People* v. *Leon*, 163 Cal.App.2d 791, 793 [329 P.2d 996]), and in a case like this that is usually necessary.

■ The combined effect of the checks placed in evidence and the other testimony was to show inferentially the existence of such knowledge and intent. That the different checks were competent for this purpose is well established. (See *People* v. *Bercovitz,* 163 Cal. 636, 639 [126 P. 479, 43 L.R.A.N.S. 667]; *People* v. *Bernstein,* 88 Cal.App.2d 522, 525 [199 P.2d 22].) The fact that some of them were the subject of charges in the instant information does not detract from their persuasive force. (See 125 A.L.R. 1036, 1037, anno.) Appellant's testimonial silence emphasizes the inference of knowledge and intent deducible from the foregoing evidence.

■ We hold that evidence to be sufficient to support the finding of guilt upon each of the five charges.

■ Appellant's second point seems to be a claim that the prosecutor abandoned or dismissed two counts relating to checks drawn upon Bank of Los Angeles. Incidentally, there was but one such count. The claim is based upon the alleged failure of the deputy district attorney to discuss the Bank of Los Angeles count in his argument. He did not undertake to dismiss any count and could not have done so except through motion addressed to the court and granted by it. (*People* v. *Smith,* 76 Cal.App. 105, 111-112 [243 P. 882].)

The judgment (probation order) and order denying motion for new trial are affirmed.

Fox, P. J., and Herndon, J., concurred.