The defendant was convicted of fraudulently issuing a check in violation of § 53-361 of the General Statutes, which provides that one who, with intent to defraud, issues a check, knowing that the maker has neither sufficient funds in nor credit with the drawee bank for its payment in full upon its presentation, shall be guilty of a crime and that, *Page 375 
if payment is refused by the drawee bank for this reason, the issuing of the check shall be prima facie evidence of intent to defraud unless the maker shall pay the check with costs and protest fees within eight days after receiving notice that it has not been paid by the drawee. `Credit' is defined in the statute as an arrangement or understanding with the bank for the payment of the check in full on presentation. See Flaherty v. Schettino, 136 Conn. 222, 225.
The only error assigned which requires attention is that on all the evidence in the case the defendant could not have been properly found guilty beyond a reasonable doubt. He has filed the evidence to support the assignment. Cir. Ct. Rule 7.31.1. The defendant does not attack nor seek corrections in the finding; his claim is that intent to defraud was not proved beyond a reasonable doubt.
In examining the evidence, we may properly consider the defendant's check transactions immediately preceding and following the drawing and delivery of the check in question (exhibit B) as relevant not only to the issue of intent but also to the question of the defendant's knowledge of the insufficiency of funds to pay the check in full upon its presentation. Huffman v. State, 205 Ind. 75, 81;State v. Stratford, 55 Idaho 65; Jones v. State, 123 Tex.Crim. 437; note, 78 A.L.R.2d 1359, 1375.
The evidence in this case is nonconflicting. On April 19, 1961, the defendant maintained checking account No. 20-23572-5 in the Second National Bank of New Haven. On that date, although his account was overdrawn by fifty cents, he issued and delivered check No. 145 (exhibit B) in the sum of $33.50, drawn on said bank, to Jerry F. Apuzzo, the payee named therein. On April 20, the defendant made a deposit of $48, and on April 24 he made an additional deposit of $22; during the same period, *Page 376 
he issued a series of checks in small amounts, some of which were honored on presentation while others were returned for want of sufficient funds. Two service charges were made and deducted from his account: one for $4 on April 21 and another for $2 on April 24. The check which was issued to Apuzzo was presented for payment on April 25 and returned for insufficient funds. This is the only check involved in this prosecution. On April 26, the bank notified the defendant in writing that "we find it necessary at this time to close your account." His account was then overdrawn by $1. On May 10, the day following his arrest, he made full restitution by making the check good. A bank official, called by the state, in answer to the defendant's inquiry whether the bank ever gave him notice of dishonor of any of the checks which were returned for insufficient funds, replied: "I have no knowledge of you being given notice at all on the dishonoring of those checks by the bank." There is nothing in the record to show that the defendant received notice of dishonor of check No. 145 (exhibit B). Upon these facts, the court concluded that "on April 19, 1961, the defendant, with intent to defraud, made, drew, uttered and delivered to one Jerry F. Apuzzo a check in the sum of $33.50." The defendant insists that intent to defraud under the statute was not proved and that, since intent is an essential element of the crime, his conviction cannot stand.
No Connecticut decision has been found or cited involving a prosecution under this statute; hence we are obliged to look to other authorities. Every state has one or more criminal statutes directed against the bad check fraud. 1 Paton, Digest of Legal Opinions, p. 1123, § 22. While varying in certain particulars, this legislation is of fairly uniform character. In most states an intent to defraud is an *Page 377 
essential element of the offense. 35 C.J.S. 833; 22 Am. Jur. 478, § 66. There are three essential constituent elements in our statutory definition of the offense. First, the drawing of a check on a bank or other depositary for the payment of money; second, knowledge at the time of drawing the check that the drawer has not sufficient funds in, or credit with, the bank or depositary to meet the check in full upon presentation; and third, an intent to defraud.State v. Pilling, 53 Wash. 464, 466; People
v. Wilbur, 33 Cal.App. 511; 1 Michie, Banks and Banking (Perm. Ed.) p. 115; 35 C.J.S. 832. The statutory prima facie case is conditioned upon payment being refused for lack of funds when the check is presented "unless such maker or drawer pays such check, . . . with all costs and protest fees, within eight days after receiving notice that the same has not been paid by the drawee." General Statutes § 53-361. Proof of such notice of dishonor is not an essential element of the offense; Merkel
v. State, 167 Wis. 512, 513; State v. Kaufman,308 S.W.2d 333 (Mo.App.); 35 C.J.S. 837; it merely provides a rule of evidence. State v. Vandenberg,39 Del. 320, 323; State v. Kaufman, supra. Payment within the specified statutory period has the effect of preventing the operation of the statutory presumption of fraudulent intent which would otherwise arise. Thompson v. State, 165 Tex.Crim. 449. Absence of the presumption makes the proof more difficult but does not constitute a bar to conviction.State v. Mullins, 292 Mo. 44; Haines v. State,135 Neb. 433; State v. Parsons, 6 N.J. Misc. 76; Gunther
v. State, 42 Okla. Crim. 129.
In the case at bar, failure to give the defendant notice of dishonor prohibited the state from availing itself of the statutory presumption of intent to defraud. The making of a deposit on April 20 in excess of the amount of the check involved in this *Page 378 
prosecution is persuasive in negating fraudulent intent. Moreover, the defendant did make the check good. And while payment of the check does not necessarily prevent conviction, it is relevant, taken together with other factors, as tending to disprove an intent to defraud. See notes, 35 A.L.R. 375, 43 A.L.R. 49, 95 A.L.R. 486, 488. We hold that there is insufficient evidence in the case to support a finding that the defendant issued the check with intent to defraud.
 There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.
In this opinion YESUKIEWICZ and EIELSON, Js., concurred.