**STATE of Iowa, Appellee,**

v.

**Ronald Lee MATHIAS, Appellant.**

**No. 56548.**

Supreme Court of Iowa.

March 27, 1974.

Robert J. Spayde, Oskaloosa, for appellant.

Richard C. Turner, Atty. Gen., David M. Dryer, Asst. Atty. Gen., and Hugh V. Faulkner, County Atty., for appellee.

Heard before MOORE, C. J., and RAWLINGS, REES, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendant Ronald Lee Mathias appeals his conviction and sentence for uttering a false check under Code § 713.3. We affirm.

On February 21, 1973, at a time when he had no account with the bank, defendant wrote a check on the State Bank of Bussey for $70 payable to his wife Linda. Three days later, on February 24, he opened a checking account in the bank with a deposit of $71. The next day, on February 25, defendant, accompanied by his wife, wrote a check on the account for $20 to the Ma & Pa Store of Oskaloosa, receiving cash and a pack of cigarettes. That $20 check is the basis of the false check charge involved here.

On February 26, 1973, the $70 check was presented to the bank and was paid, leaving an account balance of $1. Several small checks were later presented for pay-

ment but were returned for want of sufficient funds in the account to pay them. The $20 check reached the bank February 28 and was returned for lack of funds in the account to pay it.

On March 2, 1973, the bank debited the account $1 in part payment of its charge for personalized checks and closed the account. When the $20 check was presented a second time for payment, it was returned March 6 because defendant had no account with the bank. Bank officers testified defendant had no arrangement or understanding with the bank for payment of the check.

Defendant testified he did not know when the $70 check would be presented; he told his wife on February 25 to deposit more money in the account; and during the week subsequent to writing the $20 check he told the proprietor of the Ma & Pa Store if it was returned to run it through the bank a second time and then, if it was still not paid, to contact him.

Defendant contends trial court erred (1) in not allowing sufficient time between the filing of the information, appointment of counsel, and entry of his not guilty plea, (2) in failing to sustain his motion for directed verdict on the ground of insufficiency of evidence of intent to defraud, (3) in certain rulings excluding evidence, and (4) in denying him a fair trial.

I. *Time to plead.* Defendant, represented in district court by a different lawyer, asserts his lawyer was not allowed sufficient time to study and possibly attack the legal sufficiency of the county attorney's information prior to entry of his not guilty plea. He argues he was denied procedural due process. No error was preserved.

■■ Defendant neither requested more time prior to entering his plea nor moved to withdraw it. Ordinarily matters not raised in the trial court, including constitutional questions, cannot effectively be asserted for the first time on appeal. State v. Raue, 214 N.W.2d 162 (Iowa 1974); State v. Joss, 211 N.W.2d 320 (Iowa 1973). This situation is within that rule. Defendant's failure to raise the issue below precludes him from raising it here.

II. *Evidence of intent to defraud.* Defendant contends trial court should have sustained his motion for directed verdict made at the conclusion of the evidence because of insufficient evidence of his intent to defraud. Here as in State v. Johnson, 196 N.W.2d 563 (Iowa 1972), the State did not show compliance with the notice provision of Code § 713.4 which would make the refusal of payment by the bank prima facie evidence of intent to defraud.

■■ However, intent to defraud may be proved without the aid of the statutory inference. As noted in Johnson, "Fraud may arise from facts and circumstances, and an intent to defraud may properly be inferred from circumstances, words, and actions shown in evidence." 196 N.W.2d at 567. The jury could find from the evidence in this case defendant knew at the time he gave the $20 check to the Ma & Pa Store he would not have funds in the bank to pay it when it was presented. A reasonable man could draw from this evidence an inference defendant intended to defraud the store on that occasion. The jury was not obliged to accept his version of the events.

There was sufficient evidence for the jury on the element of intent to defraud.

III. *Rulings on evidence.* Defendant alleges trial court erred in sustaining objections to his testimony relating to his knowledge it is a felony to utter a false check for $20 and relating to restitution.

The State objected in part on the ground of lack of relevancy to his proffered testimony that he knew when he gave the $20 check to the Ma & Pa Store it is a felony to utter a false check for $20 or more. Defendant argues his knowledge makes it likely he would have written the check for

a lesser amount if he had intended to defraud the store, so this evidence would tend to negate existence of such intent.

 The basic test of relevancy is whether the evidence offered would render the desired inference more probable than it would be without the evidence. State v. Hopkins, 192 N.W.2d 747, 752 (Iowa 1971). Determination of relevancy rests largely in trial court discretion. State v. Graham, 203 N.W.2d 600, 604 (Iowa 1973); see McCormick on Evidence, § 185 (Second Ed. 1972). A trial court could find the proffered evidence to be speculative. Defendant has not demonstrated an abuse of trial court discretion in excluding it.

Regarding restitution evidence, defendant sought to testify he made restitution of several small checks passed after the check involved in this case. He contends this evidence was also relevant on the fraudulent intent element.

Although evidence of restitution as to the check upon which the charge is based is not a defense to a false check charge, we have recognized it is admissible as relevant on the issue of the drawer's intent to defraud. State v. Johnson, supra, 196 N.W.2d at 570. Defendant acknowledges he did not make restitution on the check involved in this case. His evidence was of restitution made on other checks given later to other persons. He relies solely on the Johnson case. Evidence of restitution on other checks given to the same person prior to the one on which the charge was based was held admissible in Johnson on the theory that such evidence bore on whether the person was deceived when he received the later check. That case is not authority for admitting evidence of restitution on other checks given later to other persons. Defendant's restitution evidence in the present case was without probative value. It was properly excluded.

IV. *Fair trial.* Defendant contends finally that upon the whole record he was denied a fair trial. We have reviewed the entire record and find no merit in his complaints. We conclude he had a fair trial.

We find no reversible error.

Affirmed.