**STATE of Iowa, Appellee,**

v.

**Carl COBURN, Appellant.**

**No. 58736.**

Supreme Court of Iowa.

July 30, 1976.

Gerald R. Monk, Grundy Center, for appellant.

Richard C. Turner, Atty. Gen., David L. Brown, Asst. Atty. Gen., Don Kliebenstein, County Atty., and Kirby D. Schmidt, Asst. County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, HARRIS and McCORMICK, JJ.

RAWLINGS, Justice.

Defendant, Carl Coburn, appeals from judgment entered on jury verdict finding him guilty of uttering a false check in violation of Section 713.3, The Code 1973. We affirm.

April 5, 1975, defendant delivered to Van Wechel Motor Company a personal check for $1500, on drawee Cedar Falls Trust and Savings Bank, as down payment on a new automobile. Coburn then knew the account on which said instrument was drawn had been closed for more than four months. The check was accordingly dishonored. Thereafter Mr. Van Wechel contacted Coburn by phone and the latter requested the check be held a few days. The statutory ten day notice (Code § 713.4) was then delivered to defendant. Subsequently, the instant charge was filed.

In course of the ensuing trial defendant testified on his own behalf. During direct examination this colloquy occurred between defense counsel and Coburn:

"Q. Was it your intent to pay Van Wechel's sooner or later for that amount

that you wrote on that check that you gave, your personal check that you gave to them? A. Yes, I fully intended to.

"Q. In fact, had you been given the opportunity you intended to ask someone else or get the funds, make arrangements to get the funds to pay that off? A. Yes. The fifteen hundred wouldn't have been no problem at all.

"* * *

"Q. Carl, I just want to make absolutely sure that there is no question in anybody's mind about your feelings on this, did you at that time intend to pay for that check— A. Yes.

"Q. —when you presented it? A. Yes, sir."

To the same effect is the answer to this question by the county attorney on cross-examination of defendant: "Q. I believe it's your statement, Mr. Coburn, that you did not intend to defraud Van Wechel Motor Company by issuance of the check on April 5th, is that correct? A. Yes, that is."

Thus intent became a highly controverted issue. In light thereof the prosecutor cross-examined defendant regarding several checks issued by him to parties other than complainant. By virtue of the fact trial court entertained defense counsel's objections thereto as an in-course-of-trial limine motion with the objections attendantly clarified we proceed upon the assumption, arguendo, error was preserved for appellate review.

The sole issue here raised is whether trial court erred in permitting evidence to be introduced regarding other no account checks previously uttered by defendant.

I. As a preface to consideration of the problem thus presented we first note this apt pronouncement in *State v. Mullin,* 225 N.W.2d 305, 307 (Iowa 1975):

"Our recent decisions have identified the elements in a § 713.3 offense thus: 1) an intent to defraud, 2) securing money, credit or other thing of value by means of a check, draft or written order, and 3) knowingly not having any arrangement, understanding, or funds with the bank, person or corporation upon which the check or other instrument is drawn sufficient to meet or pay the same. [Citations]."

It is also understood the 10 day "make good" notice provision in Code § 713.4 is merely a rule of evidence, not an element of a § 713.3 offense. See *State v. Kimball,* 203 N.W.2d 296, 300 (Iowa 1972); *State v. Callahan,* 23 Conn.Sup. 374, 183 A.2d 861, 863–864 (1962); 35 C.J.S. False Pretenses § 21b at 836–837.

II. Ordinarily evidence as to the commission of crimes separate and apart from that for which a defendant may be on trial is inadmissible because a potentiality for prejudice generally attends such testimony. The foregoing rule is subject to a permissible exception, however, when the other offense testimony tends to establish, in the case being prosecuted, (1) intent; (2) motive; (3) absence of mistake; (4) a common scheme or system of criminal activity embracing the commission of two or more crimes so related that proof of one tends to prove the other; or (5) identity of the person charged with commission of the crime. For protection of a defendant's interests a trial judge must determine, in the exercise of sound discretion, whether the probative value of relevant evidence as to similar offenses is outweighed by its prejudicial effect. See *State v. Johnson,* 237 N.W.2d 819, 820–821 (Iowa 1976). See also *Spencer v. State of Texas,* 385 U.S. 554, 560–564, 87 S.Ct. 648, 652–653, 17 L.Ed.2d 606 (1967); *State v. Mathias,* 216 N.W.2d 319, 322 (Iowa 1974); *State v. Wilson,* 173 N.W.2d 563, 565 (Iowa 1970); 2 Wigmore on Evidence, §§ 301–307 (3d ed. 1940); McCormick on Evidence, § 190 at 453–454 (2d ed. 1972); 1 Jones on Evidence, § 4:15 (Gard, 6th ed. 1972); 29 Am.Jur.2d, Evidence, §§ 320–326; 22A C.J.S. Criminal Law §§ 682–687.

Further in this vein we have held relevant other offense testimony may be admissible in a false pretense prosecution which tends to show the accused's instantly involved fraudulent intent or motive. See *State v. Armstrong,* 183 N.W.2d 205, 207

(Iowa 1971). See also 22A C.J.S. Criminal Law § 691(11).

■ III. Unquestionably, evidence was introduced by the State upon which the jury could have reasonably found Coburn delivered to Van Wechel Motor Company a $1500 check as down payment on a new car; knew his account with the drawee bank had been closed for several months; and received the statutory ten day notice advising him to the effect said check had not been paid or honored. This alone constituted prima facie evidence of intent to defraud. See Code § 713.4; cf. *State v. Mathias*, 216 N.W.2d at 321.

The foregoing factual situation is not controverted by Coburn. Rather, as above stated, he challenges the introduction of other similar offense testimony. Apparently this court has never before specifically held that in the prosecution of one charged with uttering a worthless check evidence is admissible which discloses prior issuance by accused of like instruments. Other jurisdictions have, however, held such evidence is admissible, usually upon the basis of relevancy because it logically tends to establish intent, motive or guilty knowledge. See *People v. Brown*, 72 Cal.App.2d 717, 165 P.2d 707, 708 (1946); *Van Pelt v. People*, 173 Colo. 201, 476 P.2d 999, 1000 (1970); *State v. Roderick*, 85 Idaho 80, 375 P.2d 1005, 1008 (1962); *State v. Cruse*, 231 Or. 326, 372 P.2d 974, 978 (1962); *State v. Scherer*, 77 Wash.2d 345, 462 P.2d 549, 553 (1969); Annot., 78 A.L.R.2d 1359, 1375.

The underlying rationale for the above stated principle is thus expressed in *People v. Adams*, 171 Cal.App.2d 483, 340 P.2d 677, 679 (1959):

"Knowledge of lack of sufficient funds and intent to defraud, like any other fact, may be proved by circumstantial evidence [citations], and in a case like this that is usually necessary. The combined effect of the checks placed in evidence and the other testimony was to show inferentially the existence of such knowledge and intent. That the different checks were competent for this purpose is well established. [citations]."

See also *State v. Johnson*, 196 N.W.2d 563, 567 (Iowa 1972).

IV. But Coburn contends the separate similar offenses were not adequately shown by introduction of evidence relating to other worthless checks given.

We fundamentally treated this subject in *State v. Fetters*, 202 N.W.2d 84, 92 (Iowa 1972), and there said:

"Of course, evidence of such [other] offenses by defendant must be relevant to the issues to be admissible under the foregoing exceptions to the exclusionary rule since 'relevance is the basic principle upon which admissibility of such evidence turns.' *State v. Wright*, 191 N.W.2d [638] at 640.

"In order to be relevant to the issues, the other offenses of which testimony can be offered must, as stated, be reasonably similar to the act on which the prosecution is based. There must be such connection between the offense charged and the other offenses that the latter can reasonably be said to tend to establish the first, or some essential fact in issue. In other words, the other offenses must be wrongful acts, crimes, offenses or attempted offenses of a like nature to the charge against accused. Right conduct, lawful acts and honest transactions ordinarily are not indicative of a plan or scheme to commit the offense charged nor of any wrongful or criminal intent with respect to its commission on the part of the accused. *State v. Cotton*, 240 Iowa 609, 620, 33 N.W.2d 880, 887.

" * * *

"Defendant's assignment that the court erred in admitting evidence of such other offenses is based on his contention the State failed to establish such offenses were criminal in nature or that 'there was anything illegal about the other alleged crimes.'

"The proof of similar transactions involving crime must be clearly shown. Mere suspicion is not enough. The evidence must be such that there can be no room for speculations in the minds of the

jury whether the similar crimes attempted to be shown were actually committed or not. *State v. Armstrong,* 183 N.W.2d at 208. However, commission of such other offenses need not be established beyond a reasonable doubt to be admissible. *State v. Hopkins,* 192 N.W.2d at [747] 749."

See also *State v. Johnson,* 224 N.W.2d 617, 620 (Iowa 1974).

■ Manifestly, the separate offense evidence was instantly offered as tending to prove intent or motive. Additionally, defendant admitted he had uttered the other checks then knowing they were drawn on a closed account. In brief, the involved acts were satisfactorily shown to have been similar offenses committed or attempted by Coburn. We are also satisfied the probative value of said other offense testimony amply outweighed any attendant prejudicial effect.

Trial court did not abuse its discretion by permitting introduction of other false check testimony as circumstantial evidence tending to establish defendant's intent or motive in delivering the aforesaid check to Van Wechel Motor Company.

AFFIRMED.