**STATE of South Dakota, Plaintiff and Respondent,**

v.

**James K. CRAN, Defendant and Appellant.**

**No. 12568.**

Supreme Court of South Dakota.

Argued May 11, 1979.

Decided June 28, 1979.

Leann Larson Finke, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Sidney B. Strange of Strange & Strange, Sioux Falls, for defendant and appellant.

WOLLMAN, Chief Justice.

Appellant was convicted of feloneously passing an insufficient funds check in violation of SDCL 22–41–1 and was found to be a habitual offender under SDCL 22–7–7. We affirm.

On February 14, 1978, appellant and his wife were in Sioux Falls, South Dakota, seeking to have their 1977 Oldsmobile Cutlass repaired. After leaving one automobile dealer, they went to Empire Lincoln-Mercury (Empire), where they observed a 1978 Mercury Grand Marquis on the showroom floor. They entered into negotiations with an Empire salesman and eventually reached a preliminary agreement that provided that appellant would trade in his Oldsmobile and pay $3,000 down on the Mercury. Appellant indicated that he did not have the cash necessary for the down payment and that he would need to journey to Yankton in order to secure funds. Before departing for Yankton, appellant gave the salesman a $50 check as evidence of his good faith.

Upon returning to Sioux Falls that evening, appellant and his wife met with the Empire salesman in a local restaurant. Appellant, his wife, and the salesman then went to the Empire dealership where they met with the sales manager.

A difference of opinion arose concerning the amount of equity appellant held in the Oldsmobile. Accordingly, appellant signed over a title to a 1976 Ford pickup truck as security for Empire in the event the repairs to appellant's Oldsmobile exceeded the estimated cost arrived at during the negotiations.

Appellant gave Empire's salesman a check in the amount of $3,000, signed an installment payment contract for the balance of the purchase price, surrendered possession of the Oldsmobile, and departed in the Mercury.

Appellant's check was deposited by Empire in the regular course of business and was returned unpaid. Appellant's bank records disclosed that during the period from January 17, 1978, to April 10, 1978, his checking account was repeatedly overdrawn. On February 14, 1978, the account was overdrawn by $49, and on February 21, 1978, the date the $3,000 was presented for payment, the account was overdrawn by $2,952.20.

■ Appellant's first contention is that the trial court erred in allowing the State to introduce his banking records because of the prejudicial effect these records had upon the jury. We do not agree.

Appellant offered to stipulate that his account did not contain sufficient funds to cover the check on either the day it was written or the day it was presented to the drawee bank. This offer was rejected by the State. The trial court concluded that appellant's offer to stipulate the status of the account was not sufficient because the records of the account had considerable relevance with respect to the issue of appellant's knowledge and intent.

SDCL 22–41–1, the statute under which appellant was prosecuted, provides:

Any person who, for himself or as agent or representative of another, for a present consideration with intent to defraud, passes a check drawn on a financial institution knowing at the time of such passing that there are not sufficient funds in the account on which the check was drawn in the financial institution for the payment of such check and all other checks upon such funds then outstanding, in full upon its presentation, although no express representation is made with reference thereto, is guilty of passing a check against insufficient funds. A person who passes a check of one hundred dollars or less against insufficient funds is guilty of passing a check against insufficient funds in the third degree, which is a Class 2 misdemeanor. A person who passes a check or a series of checks within any thirty-day period in the amount of two hundred dollars or less but more than one hundred dollars, against insufficient funds, is guilty of passing a check against insufficient funds in the second degree, which is a Class 1 misdemeanor. A person who passes a check of more than two hundred dollars, or a series of checks

within any thirty-day period totaling more than two hundred dollars, against insufficient funds is guilty of passing a check against insufficient funds in the first degree, which is a Class 6 felony. Under this statute the State was required to prove the elements of specific intent to defraud and knowledge on the part of appellant of the insufficiency of the funds in the account, elements that the evidence in question tended to establish. This evidence also tended to negate appellant's attempt to establish through cross examination of Empire's employees that the check was intended to be held by Empire until a deposit could be made.

In *State v. Krana*, 272 N.W.2d 75 (S.D. 1978), the defendant sought to keep the State from introducing samples of corn involved in a grain swindle, arguing that the corn was of such poor quality it would prejudice the farmer-members of the jury against him. This court held that the State was not bound to accept a stipulation by a defendant if that was not the manner in which it wished to present the case. We quoted the following language from *State v. Nowlin*, 244 N.W.2d 596, 600 (Iowa 1976), with approval: "A defendant cannot by such a concession control the exercise of the trial court's discretion in order to deprive the State of graphic proof of such facts." We also cited SDCL 15–6–43(a) for the proposition that exclusion of evidence is not favored and that a rule which favors the reception of evidence should govern. We conclude that the trial court properly weighed the probative value of the bank records evidence against the prejudicial effect of this evidence and did not err in allowing the records to be introduced. See *State v. Coburn*, 244 N.W.2d 560 (Iowa 1976), and cases cited therein.

■ Appellant contends that the trial court erred in denying his motion to dismiss and in refusing to enter a judgment of acquittal, relying upon *State v. Mauck*, 270 N.W.2d 56 (S.D.1978), in support of his contention that the element of fraudulent intent or inducement of present consideration through deceit was not present. In the *Mauck* case, however, it was established that there had been a standard practice to accept "hold" checks. In the present case the employees of Empire testified that it was a well-established office practice not to accept post-dated or hold checks. Appellant presented his version of the transaction to the jury. The credibility of the witnesses was for the jury.

When the state has introduced evidence upon which, if believed by a jury, they may reasonably find the defendant guilty of the crime charged, the state has made out a prima facie case, and the jury, not the judge, ought to pass upon it.

*State v. Nelson*, 80 S.D. 574, 575, 129 N.W.2d 54, 55 (1964). See also *State v. Myott*, 246 N.W.2d 786 (S.D.1976). Accordingly, we hold that the trial court did not err in allowing the case to go to the jury.

■ Appellant argues that the trial court erred in refusing to allow appellant to submit surrebuttal on the question of the value of the 1976 Ford pickup truck. No mention was made of the value of the pickup truck during the State's case-in-chief. Appellant introduced the issue of the value of the truck in an apparent effort to show that the value of the truck was sufficient to make it reasonable that the truck was security for the check. Appellant testified that he believed the pickup truck to be worth at least $3,000. After appellant had rested, the State was allowed to introduce rebuttal evidence concerning the value of the truck. The State presented a witness who had recently examined the pickup truck and who testified that it was worth from $850 to $875. Appellant then sought to introduce surrebuttal evidence tending to show the value of the individual parts of the truck. Appellant had had an opportunity to introduce evidence concerning the value of the truck, however, and the exclusion of the proffered testimony was a matter within the trial court's discretion. 88 C.J.S. Trial § 103 (1955).

■ Appellant contends that he was improperly charged under the habitual criminal statute. This contention is based upon appellant's argument that he had not been

convicted of a felony as required under SDCL 22–7–7. Appellant had been placed on probation under a suspended imposition of sentence on an insufficient funds felony check charge in Yankton, South Dakota, on February 13, 1978. Although a suspended imposition of sentence is not to be considered a conviction for certain purposes, the statute that governs the suspension of imposition of sentence provides in part that:

> Discharge and dismissal under this section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime. *For the sole purposes of consideration of the sentence of a defendant for subsequent offenses or the determination of whether the defendant is an habitual offender under chapter 22–7, the fact of suspension of imposition of sentence under this section, whether or not discharge and dismissal have occurred, shall be considered a prior conviction.*
>
> . . .

SDCL 23–57–4 (emphasis supplied).

·The judgment of conviction is affirmed.

All the Justices concur.